### WRIGHT FIELDS v. THE STATE.

No. 2919. Decided February 10, 1904.

**Carrying Pistol.**
    See opinion for facts held not to be sufficient to justify a conviction for unlawfully carrying a pistol.

Appeal from the County Court of Hill. Tried below before. Hon. L. C. Hill.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

*Walter Collins,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating our statute prohibiting carrying pistols. It is a question as to the suf-

ficiency of the evidence. The pistol had been given appellant and had been carried by him from the residence of the giver to the store at which he was working. He had endeavored to sell the pistol, and finally it found its way into the hands of one Wetherby, who took it on trial, with view of purchase. Wetherby worked at a barber shop. Appellant was sent around the town by his employer to collect bills, and among others one from Wetherby. While at Wetherby's place of business appellant inquired as to Wetherby's desire to purchase the pistol, and being informed he did not want it, he got the pistol and started back to his place of employment. En route he became involved in a difficulty, and the evidence shows that two parties had set upon him, one armed with a knife. He retreated, and as a means of protection exhibited the pistol. The route he was traveling from where he secured the pistol of Wetherby was the ordinary traveled route to appellant's place of employment. He had stopped at two places en route for the purpose of selling the pistol. These attempted sales occurred before the attack was made on him. We are of the opinion, under the decisions of this court construing the pistol law, this was not a violation of the law. Because the evidence does not justify the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*