## J. H. QUINN v. THE STATE.

### No. 3222. Decided June 20, 1906.

#### Carrying Pistol—Charge of Court—Self-Defense.

Upon a trial for unlawfully carrying a pistol where the evidence showed that defendant had exchanged a gun for a pistol, and was carrying the pistol home; that on the way he stopped at the house of prosecutor and demanded of him an explanation with regard to an insult which he claimed was committed by the prosecutor toward his wife a day or so previous, and of which he had heard the night before; the court should have instructed the jury that defendant had a right to ask an explanation of prosecutor, and to defend himself with a pistol if attacked; and this although prosecutor may not have in fact made such insult, but the defendant reasonably believed it.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. M. Cosnaham.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol on and about his person. It is not controverted that he carried the pistol. His defense was that he had exchanged a gun for said pistol, and had procured the pistol from the party with whom he swapped and was then carrying it home; and on the way stopped at the house of prosecutor, which was directly on the road, and accosted him with regard to an insult which he claimed was committed by the prosecutor toward his wife a day or two previous, and which he had heard the night before. The court instructed the jury, defendant had a right to exchange his rifle for a pistol and carry the pistol home, and if on the occasion in question he was carrying the same home by the house of Nicholson, and stopped and called Nicholson out for the purpose of obtaining an explanation from him of insulting conduct which he alleged Nicholson had been guilty of towards his (defendant's) wife, and had no intention of attacking or intimidating said Nicholson, you will find the defendant not guilty. But if you believe from the evidence beyond a reasonable doubt that defendant stopped at the house of Nicholson intending to attack or intimidate him, you will find him guilty, even though you may believe Nicholson had insulted his wife or not. Or if you believe from the evidence beyond a reasonable doubt that Nicholson never insulted the wife of defendant, you will convict defendant and assess his punishment at a fine, etc. That portion of said charge is objected to, which instructed the jury that if appellant stopped at Nicholson's intending to attack or intimidate him, on account of the insult towards his wife, to find him guilty; and in not

giving the charge requested by appellant to the effect that appellant had a right to stop by Nicholson's to ask an explanation, and to defend himself with a pistol if attacked. We think that this charge should have been given, as that was the defense claimed by appellant.

Moreover we believe that the court was in error in instructing the jury to find appellant guilty, if they believed from the evidence beyond a reasonable doubt that Nicholson never insulted the wife of defendant. We do not believe appellant's guilt depended on this fact. Notwithstanding his wife may not have been insulted by Nicholson, if she told appellant so, and he reasonably believed it, he had a right to accost prosecutor and demand an explanation.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.