## W. W. Terrell v. The State.

### No. 4372.   Decided February 10, 1909.

**Carrying Pistol—Other Offenses—Evidence—Cross-Examination.**

Upon trial for unlawfully carrying a pistol, where the defendant took the stand and showed that he was carrying the pistol lawfully at the time, it was reversible error to compel defendant on cross-examination to say that he had carried a pistol on other occasions not connected with the transaction for which he was being tried as developed by the State's witnesses. Defendant could not be made to convict himself of a similar though different offense on cross-examination by the State.

Appeal from the County Court of Montague.   Tried below before the Hon. George S. March.

Appeal from conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Graham & Williams,* for appellant.—Creswell v. State, 37 Texas Crim. Rep., 335; 39 S. W. Rep., 372.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of right of election and introduction of evidence of different transactions: Bradshaw v. State, 32 Texas Crim. Rep., 381; Walker v. State, 72 S. W. Rep., 401; Batchelor v. State, 41 Texas Crim. Rep., 501; Shuman v. State, 34 Texas Crim. Rep., 69; Street v. State, 7 Texas Crim. App., 5; Dickey v. State, 56 S. W. Rep., 627; Levine v. State, 35 Texas Crim. Rep., 647.

DAVIDSON, Presiding Judge.—Appellant was convicted of carrying on and about his person a pistol.

The facts show that there had been a shooting scrape between

Brodie and Hargrove, in which Hargrove was wounded. A mob was threatening Hargrove, or at least such were the indications to the nightwatchman who was acting as city marshal. It is shown that citizens had gathered behind the little house in which Hargrove had been carried after being shot while some of the officers were armed and in front of the house, and it was feared they would join the mob against Hargrove. The nightwatchman or acting marshal thought it necessary to take precaution to protect the life of Hargrove, and among others summoned appellant and asked him to arm himself. A sort of truce was patched up by which Hargrove was to be carried to the depot, placed on the train and sent to Fort Worth. That appellant went with the officer to the depot, and after the train left he was walking up the street returning to his place of business or house, when the sheriff stopped him and asked him if he did not have a pistol. He stated that he did. He and the sheriff went on to appellant's house and appellant took off the pistol and put it away. Appellant took the stand in his own behalf and testified to the facts in regard to his being armed and why, which, in the eyes of the court relieved him from punishment, and he verbally instructed the jury to that effect.

On cross-examination, over appellant's objection, the State was permitted to prove by him that he frequently carried his pistol from his butchershop and bakery, to his residence some ninety feet away on the opposite side of the street. He states that he thought he had a right to do this; that usually it was late at night; that he would have money, something like fifty or sixty dollars sometimes that he carried home with him, and that he always carried his pistol in his hand as he went from his butchershop or bakery to his residence. The court overruled the exception and forced defendant to testify that he had frequently so carried his pistol. There are various objections urged, among others that this was not germane to the case relied upon by the State, and had no connection with it. That these facts constitute an entirely different transaction, and that he could not be forced to criminate himself in regard to other cases than the one on trial. Appellant has the right to take the stand in his own behalf as a witness and testify to facts he may think beneficial, and the examination will be confined to the case on trial unless it be extraneous matters, such as impeachment, or may show purpose or intent where such extraneous evidence is justified under the circumstances then existent, but such a state of case has not here developed. The State undertook evidently from subsequent developments in the case to prove by appellant other independent and distinct offenses of carrying a pistol as a basis for the conviction of appellant on this trial, and the court submitted the case for conviction on the matters about which appellant testified. We do not believe, under these circumstances the ruling of the court was correct. In other words, we are of opinion that, where appellant takes the

stand in his own behalf as a witness to testify about the case developed by the State's witnesses, he can not be used by the State to prove other and distinct offenses as a basis of conviction. When he takes the stand in his own behalf he takes it in the particular case as any other witness, but does not make himself a witness for the State to convict himself of a similar though different offense than that charged in the pending indictment.

There are other questions in the case of more or less importance which perhaps might require a reversal, but as we view this case the judgment must be reversed for this error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*