WALTER BRENT v. THE STATE.

No. 258.   Decided December 8, 1909.

**Carrying a Pistol—Charge of Court—Right of Carrying Pistol Home.**

Where, upon trial for unlawfully carrying a pistol, the testimony for the State showed that defendant carried the pistol and fired it in a public place, and that of the defense was that he was carrying it home from the repair shop, and the court properly applied the law to the facts, to the effect that defendant had the right to carry the pistol home, but that he had no right to digress from his route and disturb the peace, there was no error in refusing special requested charges on the same subject, especially as said charges did not pointedly state the law.

Appeal from the County Court of Trinity. Tried below before the Hon. C. J. Hinson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,.* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of carrying a pistol in violation of the statute, his punishment being assessed at a fine of $100.

The evidence shows that appellant had been running a cold drink stand or something of that character in Groveton, and had closed out his business. On Sunday following he went from Groveton to the town of Trinity, about nineteen miles, and spent the night in Trinity. He lived with his mother some twelve or fifteen miles from the town of Trinity, and about fifteen miles from Groveton. While in the town of Trinity at night he was holding his pistol in his hands on the street in the presence of a couple of gentlemen, when another party approached and took the pistol from him. After keeping it a little while, he handed the pistol back to appellant. Appellant finally went in the direction of the railroad depot, and while enroute to the depot fired the pistol. He was drinking. His defensive testimony was to the effect that shortly before this occurrence he was at home at his mother's residence where he lived, and took a pistol belonging to his mother to the town of Groveton for the purpose of having it repaired. That it was repaired, and this is the pistol that he was carrying with him from Groveton through Trinity to his mother's and his own place of residence. This is a substantial statement of the evidence adduced on the trial. We are of opinion this evidence is sufficient to justify the conviction.

1. The charge as given is criticised, and special requested instructions were refused. The charge given is in compliance with the rule laid down in the case of Stilly v. State, 27 Texas Crim. App., 445, and Ratigan v. State, 33 Texas Crim. Rep., 301. The charge, we think, is substantially correct and sufficient. This being true, it was unnecessary for the court to give the requested instructions. It is true that appellant had a right to carry the pistol home, and this may be true even though he did not go the shortest route home. It was not necessary for him to go the most practicable or the shortest route home if for any legitimate purpose he decided to go through the town of Trinity and spend the night. The law would not interdict his carrying the pistol home with him even by following that line of travel, but he would not be authorized under those circumstances

to go about the town of Trinity with the pistol and shooting it off on the streets. The court's charge is as follows: "The defendant would have a right to carry a pistol from a shop where he had had same repaired to his home by a direct or reasonable and practicable route, but the defendant can not claim the benefit of this exemption if he stops over in his journey at any place and engages in business or pleasure or disturbance of the public peace, and if you shall believe from all the evidence in this case that the defendant Walter Brent was on his way home by a reasonable and practicable route and had not digressed from his purpose of carrying the pistol home at the time alleged you will find the defendant not guilty and so say by your verdict. If you shall believe from all the evidence in this case beyond a reasonable doubt that the defendant at the time he is alleged to have carried the pistol was not on his way home and had digressed from his common purpose and intent, then in such case he would be guilty." This charge sufficiently informs the jury of the law of the case.

2. Appellant asked several charges to the effect that if the jury believed from the evidence that defendant was enroute home and was carrying said pistol from the shop where he had previously had the same repaired, he would not be guilty; and that he would not be required to go the shortest possible route from the shop to his home. Embodying practically the same idea in another form the court refused to give the following charge: "If you believe from the evidence in this case that the defendant was carrying said pistol from the shop where he had had same repaired to his home near Holly, at the time he is alleged to have unlawfully carried said pistol, or if you have a reasonable doubt thereof, you will acquit defendant." Charges in misdemeanor cases are unlike those in felony cases, and when requested must state the law applicable to the case pointedly. These charges did not comply with this rule. While appellant, as before stated, had a right to carry the pistol from Groveton through Trinity to his home, yet he did not have the right to go about the streets armed with a pistol, exhibiting and firing it. This phase of the evidence was not submitted in appellant's instructions, but was sufficiently given by the court. Appellant himself testified to those facts, and they were uncontradicted. Under this statement of facts appellant would be violating the law in carrying the pistol. The guilt in the case depends not upon the fact that he was carrying it home, but in carrying it about the town and firing it.

The judgment is affirmed.

*Affirmed.*