WILL WATERHOUSE v. THE STATE.

No. 312.     Decided January 12, 1910.

**Carrying Pistol—Other Offenses—Evidence—Cross-Examination.**
     Where, upon trial for unlawfully carrying a pistol, the State was permitted to introduce testimony, on cross-examination of defendant, that defendant carried a pistol on another occasion, which was an entirely different transaction, and the State's counsel was permitted to refer to this in his argument, there was reversible error. Following Terrell v. State, 55 Texas Crim. Rep., 282.

Appeal from the County Court of Shelby. Tried below before the Hon. W. D. White.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $200.

The opinion states the case.

*S. H. Sanders,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by complaint filed in the County Court of Shelby County on the 5th day of June, last year, with unlawfully carrying a pistol on and about his person. Thereafter in the same court on the 23d day of July, 1909, he was convicted of the offense charged and his punishment assessed at a fine of $200. That he had this pistol on his person in the store of one Johnson Washington was undenied. His defense was that he had some time before this carried this pistol to the home of Dr. Sims where he was working and that on the day in question Dr. Sims had

asked him to take the pistol home and that he had started home and stopped by the store, as he was on his way to where he lived, to get some fish for supper and had been in the store but a moment and was waiting for someone to wait on him when he, with a number of other persons, was arrested by the sheriff. We think, as presented, the account as given by appellant of the transaction would, if believed, constitute a defense.

1. On cross-examination, over objection of his counsel appellant was asked and compelled to answer the following question: "Isn't it a fact that you have been indicted in the District Court of Shelby County, Texas, on more than one occasion for carrying a pistol; on another occasion than the one you are on trial for now." To which he replied that he had been indicted one other time besides the one he was on trial for in the courts of Shelby County. The question asked and the answer sought to be elicited thereby was objected to for the reason that it was not germane to the case relied upon by the State and had no connection with it; that these facts constitute an entirely different transaction, and that he, defendant, could not be forced to criminate himself in regard to other cases than this one on trial; that it was an attempt to impeach the defendant by showing other and distinct offenses for carrying a pistol—offenses of like character; that the defendant was on trial for carrying the pistol as alleged in the indictment, and for the State to show other offenses of like character was immaterial, irrelevant, inadmissible, remote and prior offenses which tended to prejudice the minds of the jury against him and caused them to assess a greater punishment against the defendant than they might have done had such testimony been excluded. It was shown further, that in the closing argument of the case, the county attorney, referring to this question and answer made the following statement: "The reason Mr. Sanders (Sanders being the attorney representing the defendant) objected to the question (the question being asked as above stated) was that Mr. Sanders did not want the jury to have the facts and the truth in this case that this was not the first time this defendant had been indicted in the courts of Shelby County for carrying a pistol," to which statement of the county attorney at the time it was made, the defendant objected and asked the court to instruct the county attorney not to use argument like that before the jury as it was clearly an inadmissible question, even if the court did permit it to go to the jury and asked the court to instruct the jury not to consider same, to which objection of the defendant the court replied that he thought it was a legitimate argument. That this question, the answer sought to be elicited thereby and the argument of the county attorney were inadmissible and improper is too clear for discussion. Terrell v. State, 55 Texas Crim. Rep., 282, 116 S. W. Rep., 569. There was some other language used by the county attorney in his discussion of the case that

we could not approve. It is to be hoped that this will not be repeated on another trial.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*