## Bert Veal v. The State.

### No. 444. Decided February 23, 1910.

**1.—Carrying Pistol—Variance—Disturbing Religious Worship.**

Where, upon trial for unlawfully carrying a pistol, the evidence showed that the defendant was seen with a pistol at a place where religious worship was conducted, the defendant could not claim a variance between the allegations in the indictment and the evidence. Following Walker v. State, 52 Texas Crim. Rep., 314.

**2.—Same—Convict Guard—Charge of Court.**

Where, upon trial for unlawfully carrying a pistol, there was some evidence that the defendant had been a State convict guard, there was no error in refusing a special charge that if defendant was a convict guard at the time the jury should acquit; the place being one for religious worship. Following West v. State, 26.Texas Crim. App., 99.

**3.—Same—Carrying Pistol to Owner—Charge of Court.**

On trial for unlawfully carrying a pistol, where the evidence showed that he carried same at a place where people assembled for religious worship, defendant could not excuse himself on the ground that at the time he was carrying the pistol to the owner. Following Stilly v. State, 27 Texas Crim. App., 445, and other cases.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction, the same will not be disturbed.

Appeal from the County Court of Brazos. Tried below before the Hon. A. G. Board.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*V. B. Hudson,* for appellant.—Cited cases in opinion.—On question of variance between allegation and proof: Harris v. State, 17 Texas Crim. App., 132; Osborne v. State, 42 Texas Crim. Rep., 557, 61 S. W. Rep., 491; Payne v. State, 17 Texas Crim. App., 40.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for carrying on and about his person a pistol.

The evidence shows appellant was seen with a pistol where religious services were being carried on under an arbor at 11 o'clock in the morning. It was a revival meeting. The appellant had on a six-shooter, or pistol. The witness Tom Dyess testified that he saw appellant with the pistol under the arbor; that appellant was sitting under the arbor on a bench near the front. He says he·did not see the entire pistol; that he saw something sticking out of appellant's pocket; that he saw the handle and did not see the barrel, nor the cylinder; that he could see the hammer. He says he called appellant's attention to it by motioning to him, and he hid it; that he had on a scabbard,·at least

it looked like one; it had leather around it, and was in his pants pocket; that it was in the front side pocket of his pants; appellant was in his shirt sleeves. That while church was going on, there came up a little shower of rain, and all went to an old house to get out of the rain, and appellant there told witness he was much obliged for what witness had told him. Appellant said the pistol belonged to a boy in the bottom whose name was McLeod; he says he was taking it home to him that day. Appellant told witness he was a poor boy and might have to work it out if they proved it on him, and asked witness to do all he could for him. Other witnesses testified to the fact that they saw the same object in appellant's pocket, but were not quite as definite in regard to its being a pistol as was the first witness.

1. The first question presented for revision is, the court erred in holding there was not a variance between the allegations in the indictment and the evidence adduced in support of it, inasmuch as appellant was indicted under article 338 of the Penal Code for carrying on and about his person a pistol, whereas he should have been indicted under article 340 of the Penal Code for carrying a pistol into a church or meeting where people had assembled for religious purposes. We had this question before us in the case of Walker v. State, 52 Texas Crim. Rep., 314, and there held adversely to appellant's contention under a similar state of facts. We have reviewed the question again, in the light of appellant's suggestion, and see no reason to change the holding in the Walker case.

2. There was some evidence introduced showing that appellant had been a State convict guard. The evidence is not clear that he was holding such position at the time he was seen with a pistol. A special charge was asked to the effect that if appellant was a convict guard at the time the jury would acquit him. This charge was properly refused. A convict guard is a civil officer and entitled to carry a pistol when in the discharge of his duties, otherwise he is not. West v. State, 26 Texas Crim. App., 99. We think the West case is directly in point.

3. Appellant asked another charge to the effect that if he had a pistol, as charged, but at the time was carrying it to its owner, they would acquit, or if they had a reasonable doubt on this proposition they would acquit. We are of opinion this charge was correctly refused. Appellant would have the right to return a borrowed pistol, and under ordinary circumstances would not be guilty of violating the law in returning same to its owner, but we are of opinion that question does not arise in this case. He had no authority to attend religious worship with a pistol on his person. If he was returning the pistol it was his business to have gone to the owner and returned it. This did not authorize him, if he was in fact intending to return the pistol that day, to go into an assembly of people with it on his person. Stilly v. State, 27 Texas Crim. App., 445. For collation of authorities see Brent v. State, 57 Texas Crim. Rep., 411, 123 S. W. Rep., 593.

4. It is contended the evidence is not sufficient. Appellant in his

brief cites us to the case of Smith v. State, 10 Texas Crim. App., 420. The evidence was nothing like so strong and clear in that case as in this. The testimony in the Smith case was very weak, but in this case we do not agree with appellant's contention that the evidence is insufficient. We have stated enough of the evidence without going into further detail.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*