### ALBERT MORRIS v. THE STATE.

#### No. 2993. Decided February 14, 1914.

**1.—Carrying Pistol—Conclusions of Fact and Law.**

    The conclusion of fact and law of the trial judge are not authorized to be filed in criminal cases, but will, nevertheless, be considered in this case.

**2.—Same—Insufficiency of Evidence—Want of Criminal Intent.**

    Where defendant claimed that he carried the pistol from the place where it had been repaired to his home, a slight deviation in retracing his steps to make a purchase when the pistol was accidentally discharged would not constitute the offense of unlawfully carrying a pistol.

Appeal from the County Court of Donley. Tried below before the Hon. J. C. Killough.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*E. A. Simpson,* for appellant.—On question of want of intent: Mays v. State, 50 Texas Crim. Rep., 165, 101 S. W. Rep., 233; Brent v. State, 57 Texas Crim. Rep., 411, 123 S. W. Rep., 593; Garrison v. State, 54 Texas Crim. Rep., 600, 114 S. W. Rep., 128; Mangum v. State, 90 S. W. Rep., 31; Waterhouse v. State, 57 Texas Crim. Rep., 590, 124 S. W. Rep., 633; Britton v. State, 64 Texas Crim. Rep., 583, 124 S. W. Rep., 684; Cardova v. State, 97 S. W. Rep., 87; Huff v. State, 102 S. W.

Rep., 407; Lyle v. State, 21 Texas Crim. App., 153; Pressler v. State, 19 Texas Crim. App., 52.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol. The case was tried before the court without a jury, and there accompanies the record both a statement of facts and "conclusions of fact and law" filed by the court. The conclusions of fact and law are not authorized to be filed by law in criminal cases, but we have read these conclusions because they furnish us the basis upon which the court adjudged appellant guilty.

The court finds that appellant was working for the cold storage company, and carried his pistol from his home to the place he was at work to repair it. That he left it and went to a show, and after returning from the show, he went to the cold storage plant and got the pistol for the purpose of carrying it to his home. That he started home, but finding he had no tobacco, he retraced his steps two blocks, got the tobacco, and again started home and while on the way there while "monkeying" with the pistol he accidentally discharged it. The court adjudged him guilty on the ground that he retraced his steps two blocks, thus deviating from his journey to that extent, and because he fired the pistol accidentally, as he had no right to be "monkeying" with it.

The slight deviation in retracing his steps two blocks to purchase tobacco, and that it was accidentally discharged in the manner described by the witness, would not constitute the offense of unlawfully carrying a pistol if he in fact was carrying it from the place where it had been repaired to his home.

Reversed and remanded.

*Reversed and remanded.*