WEED WILSON v. THE STATE.

No. 5597.    Decided December 3, 1919.

Carrying Pistol—Theory of Defense—Charge of Court.

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant had borrowed the pistol to carry to his home, and on his way used it to defend his brother, and then turned back to his brother's store to ascertain whether he was seriously hurt and there left the pistol, the same was not a violation of the law and the court should have so instructed the jury, and a failure to do so was reversible error.

Appeal from the County Court of Angelina. Tried below before the Hon. E. B. Robb, judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Mantooth & Collins*, for appellant.—On question of insufficiency of the evidence and court's failure to give requested charge: Mc-

Queen v. State, 76 Texas Crim. Rep., 636, 177 S. W. Rep., 91;
Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W. Rep., 386;
Irving v. State, 100 S. W. Rep., 779.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for
unlawfully carrying a pistol, his punishment being assessed at a fine
of one hundred dollars.

Under the State's evidence appellant was seen with a pistol on a
street in Huntington. He fired two shots at a party who was fight-
ing with his brother. Appellant admitted having the pistol and
firing the shots at the time and place indicated. His contention was
that he had borrowed the pistol to carry to his home shortly before
this occurrence, and had left it at the store of his brother in Hunt-
ington, and that at the time he had the pistol he was enroute home
with it, and that he came upon the scene where his brother and his
antagonist were engaged in trouble, and that he fired the shots indi-
cated. That he did not know whether the man he shot at had seri-
ously hurt his brother or not, so he turned and went back to his
brother's store to ascertain that fact, and left the pistol at the store
for a day or two, when he secured and took it home.

The court charged the jury, in substance, that if appellant had
borrowed the pistol and was carrying it home by the most practi-
cable route from his brother's store, that the jury would acquit.
Appellant's contention was that the court should have instructed
the jury that if in carrying the pistol home from the store he came
upon his brother in the difficulty as indicated, and turned back to
the store after the difficulty to ascertain whether his brother was
injured or not by the man who was attacking him, and then left
the pistol at the store, still he would not be a violator of the law.
Proper exception was reserved to the charge for failing so to
instruct the jury, and special requested instructions asked, which
were also refused, and exception reserved. We are of opinion the
court should have instructed the jury as requested, and committed
error in not doing so. If appellant had started home with the
pistol and was enroute home the most practicable way or line
of travel, he would not be guilty, and the court so instructed the
jury; but, if his attention was arrested by the trouble, and after
cessation of the trouble he turned back to his brother's store to as-
certain, as he stated he did, the condition of his brother, and then
left the pistol, we are of opinion that the jury ought not to have
convicted him. This was an important question in the case, be-
cause the jury may have thought and reached the conclusion that,
having gone the distance he did to where his brother and opponent
were having trouble with the pistol and fired it, and then returned
to the store, that he went to the store and secured the pistol for

the purpose of going to and engaging in the difficulty between his brother and his opponent, and that if appellant did that he would have violated the pistol law.    But if he started home and came upon the trouble between his brother and his opponent unexpectedly and fired the pistol and returned to the store he should not be convicted.    We are of opinion the court erred in not so charging the jury and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded*