A. W. WITT v. THE STATE.

No. 6204.    Decided May 25, 1921.

1.—Carrying Pistol—Travelers—Charge of Court.

Where, upon trial of unlawfully carrying a pistol, the court's charge on the right of a traveler to carry a pistol was over-restrictive of appellant's right to have the jury determine, under all the facts before it, whether his journey had ceased or been deflected in the sense that it would deprive him of the benefit of the law exempting a traveler from the prohibition of

the statute, the same was reversible error.   Following Irvin v. State, 51 Texas Crim. Rep., 53, and other cases.

**2.—Same—Rule Stated—Traveler—Charge of Court.**

A traveler, by the cessation of the journey, on some legitimate business incidental thereto is not, as a matter of law, a deflection or departure therefrom.

Appeal from the County Court of Marion. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*P. G. Henderson,* and *J. H. Benefield,* for appellant.—On question of court's charge: Morris v. State, 163 S. W. Rep., 709; Ward v. State, 136 id., 48; Waterhouse v. State, 138 id., 386.

*R. H. Hamilton,* Assistant Attorney General, for the State.—On question of charge of court: Williams v. State, 169 S. W. Rep., 1154; Younger v. State, 173 id., 1039.

MORROW, Presiding Judge.—Conviction is for unlawfully carrying a pistol.

The appellant was found with a pistol on his person in the city of Jefferson.   He had traveled thereto in an automobile from a town in another county, some sixty miles distant, for the purpose of assembling and transporting some men to his place of residence to work on a road which was under construction.   He was employed by a man by the name of Wilson, who referred him to another in Jefferson by the name of Avinger, whom Wilson had also employed.   He reached Jefferson about seven or eight o'clock in the evening.   Wilson had sent Avinger a telegram advising him to be ready to accompany the appellant with certain others to work on the road.   Appellant said that after reaching Jefferson he went into a restaurant for something to eat; that he therein made inquiry for Avinger; that from there he went to a restaurant in care of which the telegram to Avinger was directed, and there made inquiry for Avinger.   Failing to find him, he walked on the street to make inquiry for him.   The time thus consumed, according to his testimony, was about fifteen minutes, when he was arrested.

The State's theory and testimony is that appellant had been in town for a longer time than that, and that he was under the influence of intoxicating liquor.

The court, in his charge in connection with the law with reference to travelers, used the following language:

"  .   .   .   when a traveler reaches his point of destination he cannot go about over town with his pistol on his person, either for business

89 Tex.—24

or pleasure, but must take it to a place of deposit and there leave it until he is ready to resume his journey, and where a traveler, upon reaching a town, takes his pistol on his person and travels around over town for business or pleasure, he then becomes a violator of the law as though he were not a traveler."

"If you believe from the evidence that the defendant was a traveler, then you will find him not guilty, unless you further find from the evidence, beyond a reasonable doubt, that after the defendant reached the town of Jefferson that he went about the town with his pistol on his person, in which event you will find him guilty."

"A traveler is a person who is making a journey to a distant point from his place of residence, or place of starting. But upon reaching his destination he then ceases to be a traveler while staying at his journey's end until he is ready to resume his journey or return."

Appellant's theory is that this charge was erroneous and upon the weight of the evidence in that the jury should have been made to know that the appellant would have a right to stop his car in Jefferson, go to a restaurant for his supper and to carry his pistol while he was on his journey, and that if, when found in possession of his pistol, his journey had not ended, a conviction should not result.

We are of the opinion that the charge was over-restrictive of appellant's right to have the jury determine, under all the facts before it, whether his journey had ceased or been deflected from in the sense that it would deprive him of the benefit of the law exempting a traveler from the prohibition of the statute. Irvin v. State, 51 Texas Crim. Rep., 53; Mays v. State, 51 Texas Crim. Rep., 32; Price v. State, 34 Texas Crim. Rep., 102; Brent v. State, 57 Texas Crim. Rep., 411; Quinn v. State, 50 Texas Crim. Rep., 209; Waterhouse v. State, 62 Texas Crim. Rep., 551; Waterhouse v. State, 57 Texas Crim. Rep., 590; Goodwin v. State, 55 Texas Crim. Rep., 179; Fields v. State, 45 Texas Crim. Rep., 563; Morris v. State, 73 Texas Crim. Rep., 67, 163 S. W. Rep., 709; Ward v. State, 67 Texas Crim. Rep., 604, 136 S. W. Rep., 49.

Without quoting from them, the principle announced in the authorities cited is that a traveler, by the cessation of the journey on some legitimate business incidental thereto is not, as a matter of law, a deflection or departure therefrom. Branch's Ann. Penal Code, page 569.

For the reason stated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*