A. J. ANDERSON v. THE STATE.

No. 7834. Decided March 5, 1924.

1.—Carrying Pistol—Requested Charge.

Where, upon trial of unlawfully carrying a pistol, there was evidence that the pistol was not carried for an unlawful purpose, the jury should have been instructed as requested that if the evidence produced in their minds a reasonable doubt as to whether the defendant was carrying the 'pistol merely to deliver it to its owner, and that in the pursuit of that purpose he made no unreasonable deflection from the direct route, an acquittal should have resulted and the refusal of same was reversable error.

2.—Same—Declarations by Defendant—Res Gestae.

The testimony of the officer who arrested defendant that coincident with his arrest and while the pistol was in his possession the appellant stated that he got it from old Button and was carrying it back to him, was properly received under the rules of res gestae. Following Lewis v. State, 29 Texas Crim. App., 201, and other cases.

3.—Same—Res Gestae—Rule Stated.

An act or declaration embraced in the rule of res gestae is not to be rejected solely upon the grounds that it was done or made at the time the accused is taken in custody. Following Powers v. State, 23 Texas Crim. App., 66, and other cases.

Appeal from the County Court of Midland. Tried below before the Honorable Charles L. Klapproth.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*B. W. Baker*, for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is under conviction for unlawfully carrying a pistol; punishment fixed at a fine of one hundred dollars.

The State's testimony is to this effect: An officer observed the appellant drive his automobile into a certain garage, and as he walked out on the street a pistol was observed upon his person. Some forty minutes later the officer saw the appellant in a barber shop. He called him out of the barber shop, took the pistol off his person and placed him under arrest.

The appellant's theory, coming from his own and other testimony, is this: One Buchanan and the appellant came together from a ranch. Buchanan stopped at his residence. The engine on appellant's car

was missing and he drove to Midland with the intention of having the defect corrected. Buchanan inadvertently left his pistol in the car. On arriving at the garage he observed the pistol and put it in his pocket for the purpose of returning it to Buchanan. He went to a bank and got some money and from there to the telegraph office to wire some money to his mother. He then went to the barber shop. He expected Buchanan to be in town and had heard him say that he was going to get a shave, and stepped into the barber shop to ascertain whether he was there in order that the pistol might be delivered to him. A moment or two after entering the barber shop he was accosted by the officer and arrested with the pistol in his possession. There was evidence identifying it as Buchanan's pistol.

The appellant, on cross-examination, testified that he did not tell the officer that he had borrowed the pistol from ''Old Button and was carrying the same back to him.'' The officer, in rebuttal, was permitted to testify that the statement mentioned was made to him by the appellant at the time of his arrest.

In submitting the appellant's defensive theory, the court, in substance, instructed the jury that if *they believed* it to be true, they would acquit. An exception was reserved upon the ground that the charge was defective. A special charge was requested and refused. It could not be said as a matter of law that the circumstances detailed did not raise an issue of fact as to whether the appellant's intent in possessing the pistol was to deliever it to the owner and whether in doing so he deflected from the most practical route. Wilson v. State, 86 Texas Crim. Rep., 356; Rosebud v. State, 87 Texas Crim. Rep., 267; Price v. State, 34 Texas Crim. Rep., 102; Fields v. State, 45 Texas Crim. Rep., 563; Mays v. State, 51 Texas Crim. Rep., 32; Irvin v. State, 51 Texas Crim. Rep., 53; Ward v. State, 61 Texas Crim. Rep., 604; Branch's Ann. Tex. P. C., Sec. 977. The law does not require that the jury believe that the appellant's possession of the pistol was for a lawful purpose. If the evidence produced in the minds of the jury a reasonable doubt as to whether appellant was carrying the pistol merely to deliver it to its owner, and that in the pursuit of that purpose he made no unreasonable deflection from the direct route, an acquittal should have resulted. It was the appellant's right to have an affirmative presentation of this issue and this would have been accorded him had the court read to the jury the special charge requested by the appellant, or corrected the main charge in accord with the objection thereto. Johnson v. State, 29 Texas Crim. App. 151; Harris v. State, 55 Texas Crim. Rep., 480; Rose's notes on Tex. Rep., Vol. 5, p. 803; Clevenger v. State, 255 S. W. Rep., 622.

The testimony of the officer who arrested the appellant that coincident with his arrest and while the pistol was in his possession,

the appellant stated that he got it from Old Button and was carrying it back to him, it is believed was properly received under the rule of res gestae. It was explanatory of the act in question, namely, the carrying of the pistol. See Underhill on Crim. Evidence, 3rd Ed., Sec. 162 and note; Lewis v. State, 29 Texas Crim. App., 201; Russell v. State, 11 Texas Crim. App., 295; Koller v. State, 36 Texas Crim. Rep., 498. An act or declaration embraced in the rule of res gestae is not to be rejected solely upon the ground that it was done or made at the time the accused is taken in custody. Powers v. State, 23 Texas Crim. App., 66; Bronson v. State, 59 Texas Crim. Rep., 17; Calloway v. State, 92 Texas Crim. Rep., 516. A familiar illustration is found in the numerous cases permitting one accused of theft or of receiving stolen property to prove his declaration explanatory of his possession of the property found in his possession at the time of his apprehension.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*