## VERG GILMORE V. THE STATE.

No. 16638.  Delivered April 25, 1934.
Rehearing Denied June 13, 1934.

The opinion states the case.

*J. A. Johnson,* of Stephenville, and *E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at a fine of one hundred dollars.

The State's testimony, through the witness Arthur Blackwell, is to the effect that he was cursed, abused and threatened by the appellant, who drew a six-shooter pistol from his person, which he pointed at the witness in a threatening manner.

Similar testimony came from the witness Mrs. Arthur Blackwell.

Appellant testified in his own behalf to the effect that he was driving his cows for grazing purposes through the Amusement Park on the banks of a creek; that while so engaged he observed Mrs. Blackwell near a pavilion. He did not see Mr. Blackwell at the time. Later in the day the appellant went to his home, got his pistol and carried it with him for the purpose of killing a stray dog which was giving trouble about his place; that while near the well at the Amusement Park, he saw Mr. Blackwell and asked him what he meant by taking his (appellant's) daughter to the park so that she would associate with people whom he did not regard as appropriate; that from his movements the appellant thought that Blackwell was about to draw a knife or some weapon, whereupon he drew his pistol and commanded Blackwell to desist in his assault, which command was immediately obeyed. It seems that the daughter of the appellant had gone to the park in company with Blackwell's family without the appellant's knowledge and consent.

There was evidence which controverted the position of the appellant that he had gone straight home and showed that he had unnecessarily gone through the park which was not within his direct route. Appellant claimed that after learning that his daughter had gone to the park he whipped her; that he had been at home some time before he was arrested; that at the time of his arrest he was in his yard. This seems not controverted.

A written charge was given to the jury. A special charge was also given at the request of the appellant advising the jury that it was the appellant's right to own a pistol and carry it from his barber shop (which was his place of business) to his residence by the usual and practical route; and that if on the occasion in question he did so carry his pistol from his barber shop to his home by the most practical route, he should be acquitted.

In his main charge the court correctly instructed the jury with reference to the fact that the burden of proof rested upon the State to show the appellant's guilt beyond a reasonable doubt. There was no error in the court's refusal to repeat such instruction at the request of the appellant.

There was a general objection to the charge upon the ground that it did not present the appellant's defense. We think the criticism is not sound.

Bill No. 1 complains of the action of the State's attorney

in propounding to the appellant, on cross-examination, the following question:

"Isn't it a fact that you pistol whipped your daughter, and cut a gash in her head, and isn't it a fact that the doctor sewed up the gash?"

Appellant replied:

"I don't think I pistol whipped her. The doctor dressed her head."

Bill No. 2 is upon the same subject and reveals that appellant was asked the following question:

"If you did not hit her with a pistol, what did you hit her with and what did you do to her?"

Any assault that appellant made upon his daughter does not appear to have been a pertinent subject of inquiry. However, it appearing that he denied an assault with any weapon upon his daughter, and gave evidence to the effect that he did whip his daughter with a switch, the circumstances mentioned are not deemed such as to require a reversal of the conviction, especially in view of the fact that the penalty assessed was the lowest authorized by law, (Art. 483, P. C.) and the fact that the evidence and the verdict support the State's theory that the appellant did unlawfully carry a pistol.

From the record before us we are constrained to regard the conclusion of the trial court in overruling the motion for new trial as properly disposing of the case.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—As we understand appellant's contention, he claimed the right to carry his pistol from his barber shop to his home for a lawful purpose, and a charge to that effect was given. We can not tell from the record the exact relative locations of the park to which appellant admitted he went after he got said pistol at his barber shop. He said he could have gone straight to his home from said barber shop with said pistol, but instead he went first to a park to get his cows, carrying said pistol. The cows had gone off down the creek, and he went after them and drove them home. We are unable to hold that the jury were not warranted in concluding that he was guilty because of a deviation from the direct route home. In Anderson v. State, 259 S. W., 571, cited in appellant's motion, a charge presenting the affirmative defensive issue of his right to carry the pistol under certain circumstances, was re-

fused. In the case before us it was given. In Bowles v. State, 147 S. W., 869, also cited, the facts clearly showed that accused was going the nearest route home. The special charges asked were not the law.

The motion for rehearing is overruled.

*Overruled.*