## CHARLEY SHIFLETT v. THE STATE.

### No. 3579. Decided May 29, 1907.

**Theft—Declarations of Co-Conspirators.**

Upon trial for theft of money over the value of $50, it was error to admit in evidence the acts and conversations of a co-conspirator subsequent to the alleged theft and in the absence of defendant.

Appeal from the District Court of Grayson. Tried below before the Hon. B. L. Jones.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hamp P. Abney,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with theft of money over $50 in amount. The property was taken from a room at night where the alleged owner and Bob Trammel were sleeping. The theory of the State was that Trammel and appellant consummated a conspiracy between them to steal this money. On the morning after it was taken from the room the pants of Trammel and Hash, the alleged owner, were found some two hundred yards from the room where Trammel and Hash were sleeping. Trammel's clothing was also taken. The money was in the pants of Hash. The officer Lee French sought to obtain a confession from appellant; after making various efforts to do so he finally induced appellant to make what the witness French terms a confession. According to French, appellant told him that the money would be found behind a rafter in a certain house; going to the place indicated French failed to find any money; he then had a conversation with Trammel, and in obedience to information gained from Trammel he went to a certain tree and found some money. All of these acts and conversations with Trammel occurred subsequent to the alleged theft in the absence of appellant. Exceptions were reserved to the introduction of statements of Trammel in regard to the money and its whereabouts. We think these were well taken. The conversations occurring between Trammel and French or the information obtained from Trammel, after the supposed theft,

was not evidence against appellant as introduced. On account of the admission of this testimony, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*