## Math Gardner v. The State.

### No. 4395. Decided February 24, 1909.

**1.—Misdemeanor—Theft—Accomplice.**

See opinion for testimony of an accomplice and but slight corroboration of such testimony.

**2.—Same—Evidence—Other Offenses.**

Upon trial for theft of certain cotton it was error to admit in evidence another theft from another party, wholly independent and unrelated to the theft for which defendant was being tried. Following Carter v. State, 23 Texas Crim. App., 508, and other cases.

**3.—Same—Charge of Court—Limiting Testimony—Other Offenses.**

Where testimony of other offenses is introduced to show system and intent, the same should be limited to that purpose. Following Scott v. State, 68 S. W. Rep., 680, and other cases.

**4.—Same—Misconduct of Jury—Practice in County Court.**

The statute describes the manner in which the jury may communicate with the court, and should always be scrupulously followed. See conduct of judge in communicating with the jury which was not correct practice.

**5.—Same—Evidence—Conspiracy.**

Declarations by a co-conspirator after the commission of the offense are not admissible in evidence when not made in the presence of the defendant.

**6.—Same—Corroboration.**
  See opinion with reference to corroboration of accomplice testimony.

Appeal from the County Court of Callahan. Tried below before the Hon. C. D. Russell.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and ninety days confinement in the county jail.

The opinion states the case.

*Otis Bowyer* and *F. S. Bell,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Callahan County on a charge of theft of certain cotton belonging to one J. C. Burleson and alleged to have been taken on the 14th day of October, 1907.

1. The fact of the taking by appellant in connection with one Tom South was proven by the testimony of the latter. South was undoubtedly an accomplice, and an inspection of the record shows a very slight corroboration of his testimony.

2. The State was permitted, over objection of appellant, to prove by one Mason the theft of certain cotton owned by him on the night of the 9th of October of the same year. There was some rather strong testimony introduced in evidence tending to connect appellant and South with the last named theft, which testimony we deem unnecessary to set out here. It was shown that Burleson and Mason lived several miles from each other, and it is stated the Mason theft occurred on the night of the 9th of October, 1907, and the theft from Burleson on the 14th day of October, 1907. When this testimony was offered counsel for appellant objected on the ground that this was a separate offense from that for which he stood charged on the trial, and that the transaction was too remote, did not tend to connect him with the theft of J. B. Burleson's cotton, and was irrelevant and prejudicial. Under the authorities this objection, it seems, is clearly tenable. See Carter v. State, 23 Texas Crim. App., 508; Mayfield v. State, 23 Texas Crim. App., 645; Denton v. State, 42 Texas Crim. Rep., 427; 60 S. W. Rep.; 670, and Wyatt v. State, 55 Texas Crim. Rep., 73, 114 S. W. Rep., 812. A reading of the cases will disclose that while they differ in their facts as to the length of time intervening between the transactions sought to be shown in the evidence, if they are in fact independent and unrelated it would seem that such testimony should 'not be received. See also Walton v. State, 41 Texas Crim. Rep., 454; 55 S. W. Rep., 567; Kelley v. State, 18 Texas Crim. App., 262; Nixon v. State, 31 Texas Crim. Rep., 205; Williams v. State, 38 Texas Crim. Rep., 128, and Buck v. State, 38 S. W. Rep.,

772. Again, it is clear that if this testimony could in any event be admitted under the decisions, it should have been limited for the purpose of showing system and intent. Scott v. State, 68 S. W. Rep., 680; Long v. State, 11 Texas Crim. App., 381.

3. The record further shows that while the jury were deliberating, at their request the presiding judge entered the jury room where the jury were considering their verdict in the case, closed the door behind him, and in the absence of appellant and his counsel was asked by the jury for an explanation as to the court's charge touching the penalty that might be inflicted in case of conviction, and the court then and there stated to the jury verbally that it was as he had written the matter in his charge, and then and there verbally explained to the jury said part of the charge. This conduct of the presiding judge was called in question and objected to because as stated in the bill: "The jury failed to appear before the judge in open court in a body, and their foreman stated to the court the particular point of law on which they desired further instruction, and the court failed to give such instruction in writing in open court." The statute prescribes the manner in which the jury may communicate with the court touching additional instructions, and should always be scrupulously followed. While there is nothing in this case to cast the slightest imputation upon the good faith and honesty of the court's action, it is a practice that ought not to be permitted. It is so liable to abuse that even in the absence of injury it must be reprobated.

4. Again, on the trial of the case the State was permitted to show by one Estes that on the morning after the theft in question he had a talk with Tom South and Burleson, in which conversation South made a confession to him of stealing this cotton with appellant, and that they had put the cotton in Wyatt Hank's cotton seed house. This testimony was objected to because this was after the commission of the offense and was not admissible to show conspiracy, and said statement was not made in the presence of appellant, was hearsay, irrelevant and prejudicial. These objections should have been sustained. It may well be doubted whether the testimony of corroboration is sufficient, though in view of another trial we forego any discussion of this matter.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*