JOE HOBRECHT v. THE STATE.

No. 13741. Delivered January 28, 1931.
Rehearing Denied March 25, 1931.

The opinion states the case.

J. *Franklin Spears,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for seven years.

Appellant was jointly indicted with Lynn Stevens and others, it being alleged that said parties, with malice aforethought, killed Charles Stevens by shooting him with a gun. In his voluntary confession, appellant admitted that he was with Lynn Stevens and the other alleged co-conspirators at the scene of the homicide, but stated that he ran away when the shooting began. Further, he stated in his confession, that he did not know what the design of Lynn Stevens and his companions was when he went with them to the place where deceased lost his life. In short, it was appellant's theory, given support in the testimony, that he did not enter into a conspiracy with Lynn Stevens to shoot the deceased, and that he left the scene of the homicide when the shooting first started, without having fired a shot. On the other hand, it was the State's theory that appellant, Lynn Stephens and others entered into a conspiracy to stop deceased and his companions, they being prohibition enforcement officers, for the purpose of using such force as was necessary to take prisoners away from them. In support of its theory, the testimony on the part of the State was to the effect that deceased and his companions were returning to San Antonio with prisoners after having raided a still; that appellant, Lynn Stevens and others armed themselves and took a position on the road the parties were traveling; that when they approached, Lynn Stevens drew a gun on the officers; that several volleys of shots were exchanged, in which one of Lynn Stevens' party lost his life, as well as deceased, Charles Stevens.

Recognizing appellant's affirmative defense, the court instructed the jury, in substance, that if they had a reasonable doubt as to the common design or intent of all, including the appellant, to commit the offense, or

a reasonable doubt as to whether it was committed by one or more of the party, acting independently of the appellant and without his participation in the design and intent to commit it, he should be acquitted. Over proper objection, the State was permitted to prove by the witness Mathews that he went to Lynn Stevens' home on the morning after the homicide and had a conversation with him, in which Lynn Stevens stated that he had had some trouble with prohibition agents and had been shot in the foot. Further, the State proved by the witness that Lynn Stevens said: "I guess we won't be here for a while. You will have to look after business." The witness testified that he elicited the information from Lynn Stevens by asking him: "Did you people shoot any prohibition agents?" Lynn Stevens replied that he did not know. Appellant was not present when this conversation occurred. The conspiracy, if any, had been completed by the termination of the enterprise. The statement of Lynn Stevens carried the imputation that he, appellant and others had had a difficulty with prohibition agents which necessitated flight on their part. In view of the fact that the testimony showed that appellant had been present at the time the difficulty occurred, the jury probably inferentially concluded from the statement of Lynn Stevens that he and appellant were co-conspirators, and that, inasmuch as Lynn Stevens had admitted his guilt, appellant was also guilty. It is the rule that "proof of acts or declarations of a co-conspirator done or made in the absence of the defendant on trial after the commission of the offense and after the conspiracy is complete by the abandonment or termination of the enterprise is not admissible against such defendant. Branch's Annotated Penal Code, Section 695; Draper v. State, 22 Tex., 401; Dawson v. State, 38 Texas Crim. Rep., 9, 40 S. W., 731; Gardner v. State, 55 Texas Crim. Rep., 394, 117 S. W., 140. The declarations were inadmissible, and we are unable to reach the conclusion, under the record, that their reception was harmless.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is the State's contention that the bill of exception found at page 104 of the transcript, and upon which the opinion of reversal was based, is insufficient. The bill does contain much evidence given by the witness Mathews which was properly admitted, and the State's contention would unquestionably be correct if the

trial judge's explanation to the bill did not in our opinion make it clear what part of Mathews' evidence was claimed to have been objectionable. The qualification makes it reasonably clear, we think, that it was the conversation between Mathews and Lynn Stevens to which objection was being urged, one objection being that it related to matters and things occurring subsequent to the homicide, therefore after the conspiracy had terminated. The State built its case around an alleged conspiracy of which Lynn Stevens was claimed to be the moving spirit, and had connected appellant and others with him in the killing of Charles Stevens. Appellant, without objection from the State, had injected an issue as to the sanity of Lynn Stevens, and the court says he admitted the conversation between Lynn Stevens and Mathews on the issue of Lynn Stevens' sanity, and that he so stated at the time it was admitted. There is no statement in the bill that the jury was orally told for what purpose it was being admitted. It is doubtful if the injurious effect of the objectionable testimony could have been obviated by such instruction. The question of Lynn Stevens' sanity was a collateral matter, we judge, as no instruction on the subject is found in the court's charge. The conversation between Mathews and Lynn Stevens the next day after the killing, coupled other unnamed parties with Lynn Stevens in the killing. It was but natural that the jury should appropriate it against appellant under other facts before them. It would be too speculative, we think, to say the evidence could have done appellant no harm.

The motion for rehearing is overruled.

*Overruled.*