## Lewis Morphey v. The State.

### No. 14668. Delivered January 27, 1932.

The opinion states the case.

*Myres & Pressly,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is burglary; the punishment, two years in the penitentiary.

This is a case of circumstantial evidence. Briefly, the facts are as follows: The appellant and one Marion Stanley had been associated and connected with each other for some time prior to the alleged offense. They traveled in an automobile belonging to the appellant and a trailer was attached thereto. On Monday preceding the time of their arrest they were in Granbury in Hood county. The evidence showed that they stopped at the home of the injured party, Aiken, for the purpose, as claimed by them, of looking at a certain horse in Aiken's lot and which appellant stated that he wanted to buy. Aiken was not at home, but one of the employees there showed them the horse. The appellant suggested that he would return later and see if he could buy the horse. On that night there was taken out of the barn of the witness, Aiken, a saddle, bridle, rope and blanket. The burglary was discovered on the next morning. The following Saturday, the said Aiken in company with the sheriff of Hood county discovered the rope stolen from his barn in front of a theater in the city of Fort Worth and thereafter discovered his bridle in

the trailer of an automobile where the appellant and Stanley were staying. It seems that appellant and Stanley as vaudeville actors were showing at the theater and the rope identified by the said Aiken as being taken from him was displayed in front of the theater. When the rope was found and identified in the front of the theater, appellant and Stanley were taken into custody by the officer and they went out to the place where they were staying where the bridle was found. Stanley made an explanation at the time in which he claimed that the bridle had been purchased by him from a man at a filling station; that he did not know him but he was a tall, slender man. The appellant stated that when he first discovered the bridle in possession of Stanley it was while he was in Montgomery Ward & Co. purchasing some shells to be used in his performance at the theater; that he knew nothing whatever about said rope and bridle Stanley had at the time he first saw them and Stanley told him that he had bought the rope from some man who passed along in front of Montgomery Ward & Co. while appellant was in that place. The appellant upon the witness stand denied any connection whatever with the theft or the burglary and denied any possession or ownership of any of the alleged stolen property..

By a proper bill of exception, appellant complains of the ruling of the trial court in permitting the state to prove the conversation between the sheriff of Hood county and Marion Stanley in the absence of the appellant and while they were both in jail on Sunday or Monday following appellant's arrest on the previous Saturday. The bill shows that the said Stanley's explanation of his possession of the property at the time of his arrest to the effect that he had bought the rope, etc., had been offered in evidence without objection and the state had proven the entire conversation between the sheriff and Stanley on that occasion. The bill shows that after said evidence had been offered as to the statements of Stanley at the time of the arrest as to his possession of said property that the state was permitted to show, over the objection of the defendant, by the sheriff of Hood county the following testimony: "The next time when I went back to Ft. Worth, the next day, I believe it was Monday morning, possibly Sunday morning. I went and talked to Stanley and talked to each one of them. Mr. Stanley told me that he had done told me all he knew about it, that he bought the rope and bridle, I asked him whereabouts he next told me about it, and told me he bought it out in front of Montgomery Wards; Mr. Morphy had gone in the Montgomery Wards to do some buying, and he was sitting in the car there, and a man came along and just asked him casually if he wanted to buy a saddle and rope and he brought a saddle and rope to the car, and he got out and looked at it and bought it; he gave two dollars for it. I said 'you know who this fellow was?', and he said, 'no'. I asked him what kind of a fellow he was and he said a 'low dark fellow'. He changed his location

to Montgomery Wards and changed his description from a tall slender fellow to a low heavy-set man."

The bill further shows that the defendant was not present at the time said witness had said conversation with Stanley and that the appellant objected to the evidence of said witness as to what was said between the witness and Stanley, above stated, for the following reasons: The same was hearsay as it occurred in the absence of the defendant, and after the completion or ending of any conspiracy. It is a well established principle of law that what is said and done by any of the conspirators pending the conspiracy and in furtherance of a common design is admissible against the one on trial though said and done in his absence. Gracy v. State, 57 Texas Crim. Rep., 68, 121 S. W., 705; Wilson v. State, 70 Texas Crim. Rep., 3, 155 S. W., 242.

It is also the general rule that proof of acts or declarations of a co-conspirator done or made in the absence of the defendant on trial after the commission of the offense and after the conspiracy is complete by the termination of the enterprise is not admissible against such defendant. Branch's Penal Code, sec. 695; also Draper v. State, 22 Texas App., 400; Parnell v. State, 50 Texas Crim. Rep., 421, 98 S. W., 269; Shiflett v. State, 51 Texas Crim. Rep., 530, 102 S. W., 1147; Gardner v. State, 55 Texas Crim. Rep., 396, 117 S. W., 140. If a conspiracy had been entered into by the appellant with the said Stanley to commit the burglary and to steal the property alleged to have been stolen, it was at an end. Both had been arrested and placed in jail and the conversation offered in evidence between the sheriff and Stanley occurred a day or two thereafter. The said Stanley at the time of said conversation was doing nothing in furtherance of said conspiracy. The state had proven the entire conversation before the introduction of this testimony between the sheriff and Stanley on the evening of his arrest when the appellant and Stanley were first questioned in relation to their possession of the bridle and rope, and the conversation objected to was not res gestae.

The appellant's objection to the introduction of the subsequent statement of the said Stanley should have been sustained and the failure to do so calls for reversal of this case.

The appellant in this case also raises the question that the indictment herein was found and presented at a time when the district court of Hood county was not legally in session and that the grand jury that presented the indictment had no legal existence and therefore the indictment in this case is a nullity. This exact contention was made in the case of Willis West, 120 Texas Crim. Rep., —, 47 S. W. (2d) 324, appealed from Hood county. We deem it unnecessary to consider said contention as said contention has been thoroughly considered and discussed in said West case in an opinion handed down on January 20, 1932.

·Because of the error pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.