C. W. WADDELL v. THE STATE.

On the trial of an indictment for carrying deadly weapons, the proof was that the accused purchased two pistols in the town of C., and, for the purpose of obtaining balls for the pistols, he carried them from the store where he purchased them to one or more places where ammunition was sold, and from thence to his home, some fifteen miles distant. Held, that

these acts did not constitute a violation of the spirit of the law regulating the keeping and bearing of deadly weapons, and the court below erred in instructing the jury that there was a violation of the law. There can be no violation of a criminal law without an intention to violate it.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

The facts of the case are stated in the opinion and headnote.

No brief for the appellant has reached the hands of the reporter.

*William Alexander, Attorney-General,* for the State.

WALKER, J. We are authorized to presume that by the act of April 12th, 1871, entitled "An act to regulate the keeping "and bearing of deadly weapons," the Legislature intended to suppress the absurd and vicious practice of bearing upon the person such weapons as pistols, dirks, daggers, slung-shots, sword-canes, spears, brass-knuckles, and bowie knives. But we find nothing in the act which, rightly construed, takes away any right or abridges any reasonable and lawful privilege of the citizen. But if wrong constructions are placed upon this act, and absurd and vexatious prosecutions for acts not within the denunciation of the law are tolerated and entertained by the courts, the law itself must become unpopular, even odious, to a free people, and the Legislature will be driven by public indignation and protest to repeal the law. We believe this would be a great public misfortune, as the law, in itself, when properly understood and rightly administered, is wise and salutary.

We do not think the evidence in this case proves an offense against the spirit of the law. The court charged the jury in these words: "The buying of a pistol in the town of Crockett "would not be a violation of the law, but carrying it over the "town of Crockett, and from store to store, or miles away

"from Crockett to his residence, would be a violation of the "law."

The evidence shows that on the 23d day of March, 1872, the appellant purchased two pistols in the town of Crockett, and that he carried the pistols from the place where he purchased them to one or more places where ammunition was sold, for the purpose of obtaining balls to fit the calibre of the pistols; and although it is not distinctly proven, it may be inferred from the evidence, that he carried the pistols to his home, some fifteen miles from the town of Crockett.

There can be no violation of a law without an intention to violate it, and the defendant is not shown to have entertained any such intention; he had a perfect right to purchase the arms, and for the purpose of obtaining ammunition to suit them, he had a right to take them with him, to any place where such ammunition was sold; and then he had a perfect right to take them to his home for any lawful purpose he may have intended to serve with them, such as guarding his house against thieves and robbers, defending himself and family against murderers or assassins.

The law distinctly says, under the proviso contained in the first section, that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business * * *  , nor to prohibit persons traveling in the State, from keeping or carrying arms with their baggage.   .

Persons living remote from their county seats or market towns, where a day's journey going and coming is required, and where often, from the necessities of business, even a portion of the night is used, should be regarded as within the meaning of the proviso.

We think the charge of the court in this case was erroneous, and we are further of the opinion that the evidence falls far short of proving a violation of the statute.

The judgment is therefore reversed and the cause dismissed.

Reversed and dismissed.