### Willis Bowles v. The State.

#### No. 1802.   Decided May 22, 1912.

Carrying Pistol—Insufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant carried the pistol home from his place of business, the same was insufficient to sustain the conviction, and the question that he shot at a person with whom he became involved in a difficulty does not alter the case.

Appeal from the County Court of McLennan.   Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $200.

The opinion states the case.

*W. J. Hannah* and *R. W. Cowan* and *Joe W. Taylor,* for appellant.— On question of insufficiency of the evidence: Engman v. State, 61 Texas Crim. Rep., 496, 135 S. W. Rep., 565; Mathonican v. State, 51 Texas Crim. Rep., 471, 102 S. W. Rep., 1123; Baker v. State, 61 Texas Crim. Rep., 193, 134 S. W. Rep., 686; Quinn v. State, 50 Texas Crim. Rep., 209, 96 S. W. Rep., 33; Granger v. State, 50 Texas Crim. Rep., 488, 98 S. W. Rep., 836; Mays v. State, 51 Texas Crim. Rep., 32, 101 S. W. Rep., 233; Mangum v. State, 15 Texas Crim. App., 362; Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W. Rep., 386; Lewis v. State, 52 Texas Crim. Rep., 7, 104 S. W. Rep., 901; Elias v. State, 65 Texas Crim. Rep., 479, 144 S. W. Rep., 1339.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of carrying a pistol, his punishment being assessed at a fine of $200.

The evidence is very brief, barely more than a page in length, and discloses that appellant was running a grocery and restaurant business in Mart, McLennan County.   On the 3d of September, it being Sunday, appellant closed up his place of business about 9 o'clock in the morning, as was his custom of doing on Sunday, having opened on said day for the purpose of serving meals to his customers and boarders.   He started home, carrying his coat on his arm, which had a pistol in the pocket.   The purpose of appellant was to carry the pistol home from his place of business.   When he had gone a short distance en route home he was stopped by Ely Porter who engaged him in conversation.   After he had been talking to Porter a few minutes Russell came along, riding in a wagon, and stopped in the street opposite where defendant and Porter were talking, and called defendant to come to him.   When appellant approached the wagon where Russell was, Russell said something defendant did not hear and immediately reached into the bed of the wagon and picked up some brickbats and began throwing at defendant.

When Russell had thrown two or three of said bricks defendant pulled his pistol and shot at Russell but failed to hit him. Russell drove away and defendant went home, as the statement of facts shows, "never deviating from his nearest route from his place of business to where he lived and never stopped on the way except as above set out to converse with said Porter and at the instance of Russell." It is also shown appellant had $150 on his person in going from his place of business to his home on this particular occasion. This is the testimony in the case. We are of opinion appellant's contention is right. The evidence does not show a violation of the law. Appellant had a right to carry the pistol home from his place of business under the circumstances. As to whether he did wrong or not in shooting at Russell is not a question in this case. The facts of this case make it almost identical with the case of Elias v. State, recently decided by this court. That case is authority for the reversal of this judgment.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*