Walter Parker v. The State.

No. 3448.   Decided February 24, 1915.

**Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant got his pistol and went down a creek which was the dividing line between him and another who was shooting his hogs, and that when he reached the bridge on the public road, turned back and walked along on the public road part of the way, returning to his home, the same did not constitute a violation of the law.

Appeal from the County Court of San Augustine. Tried below before the Hon. Wm. McDonald.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of violating the pistol law, his punishment being assessed at thirty days imprisonment in the county jail.

Appellant and Roy Parker were adjoining tenants on the farm of Mr. Norwood. There was a creek that divided the land from each other. There was a public road that ran along by the side of the land of both parties. There is a bridge on the creek where the public road crosses it. On the day appellant was seen with the pistol, Roy Parker was shooting appellant's hogs which had gotten in Parker's place. Appellant got his gun and pistol and went down to the creek. When he reached that point Roy Parker had left. He stepped up on

the bridge and supposedly discovered that fact and went back to his residence. In going back he traveled this road which ran along by the side of his land part of the way. It seems to be apparent that if appellant violated the pistol law it was either when he got on the bridge or traveled the public road part of the way returning to his residence, his residence being close to the road. We are of opinion this does not constitute a violation of the law.

There are several questions raised for discussion on bills of exception, and especially with reference to the failure of the court to give certain requested instructions with reference to appellant having the right to go down to the place where they were shooting his hogs and carry his pistol. We deem it unnecessary to discuss those matters, because we believe the evidence does not justify this conviction.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

HARPER, JUDGE.—Inasmuch as the defendant got his weapons while Roy Parker was shooting his hogs, and started down to protect his property, and as soon as Roy Parker desisted shooting at his hogs, he returned to his home, even though he got off his premises in returning to his home, I do not think the facts justify a conviction, for a person has the right to protect his property.