AURELIO MENDEZ v. THE STATE.

No. 7138.   Decided April 25, 1923.

**1.—Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant on New Year's night stepped out upon what is called a sidewalk in front of his dwelling and fired his pistol twice in the air in celebration of the event, there was no violation of the law.

**2.—Same—Words and Phrases—Definition of Sidewalk—Requested Charge.**

The word, "sidewalk" has no settled legal definition. It may or may not be a part of the street, and where in the instant case, the defendant stepped out on his so-called sidewalk although it was some hundred feet away from his house, the issue should have been submitted by defendant's requested charge, and refusal to do so is reversible error.

**3.—Remarks by Judge—Premises—Sidewalk.**

The learned trial judge should not have stated in the presence and hearing of the jury that the sidewalk in front of the man's home was not a part of his premises.

Appeal from the County Court of Tarrant.  Trial below before the Hon. P. W. Seward.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Mays & Mays* and *F. M. Chaney* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at law of Tarrant County of unlawfully carrying on and about his person a pistol, and his punishment fixed at thirty days confinement in the county jail.

It was New Year's eve on Valley Street in the patriotic city of Fort Worth.  As the whistles of the great packing plants, railroad yards and industrial concerns began shrieking notice of the birth of the new year at midnight, this appellant,—although a stranger in a strange land,—stepped out on what is called in the testimony the "sidewalk" in front of his humble dwelling and fired a pistol twice in the air.  Officers came.  He was arrested charged with unlawfully carrying a pistol and this conviction followed his trial.  He and his witness testified that he was not off "his own sidewalk" and that his only purpose was to join the general celebration of the birth of 1922. His testimony has a note of plaintive remonstrance: "I was shooting that pistol because I didn't have anything else to shoot.  *  *  *  I held my gun like that and fired in the air when I shot.  I did not have that gun for any other purpose except to celebrate.  That was all I had to celebrate with and I was doing the best I could under the circumstances."  There was no cement sidewalk in front of appellant's house, only a path upon which people walked.  It is not even suggested by the record that it was city property.

The word "sidewalk" has no settled legal definition.  It may or may not be a part of the street.  If a mere path through one's premises be used for sidewalk purposes, we do not quite see how it could be held that the owner of such premises having a pistol on such path, under the facts as contended for by appellant in this case, could be held guilty of the offense charged.  True, the officers contended that appellant was more than one hundred feet from his house.  This then became a fact issue and as applicable thereto appellant asked the learned trial judge to charge the jury that if he did not have the pistol at any other place than on his own "sidewalk" he would not be guilty.  When no more facts are shown as to the character of the sidewalk referred to, than appear in evidence here, the issue should have been submitted as contended for by appellant.  In Ball v.

94 T. C.—18

State, 25 S. W. Rep. 627, it was shown that a public road ran through the premises which the accused claimed as his home. He had a pistol on that road on said premises. This court held it no violation of the law. The holding was approved in Ross v. State, 28 S. W. Rep. 199.

The learned trial judge should not have stated in the presence and hearing of the jury, as shown by appellant's bills of exception, that the sidewalk in front of a man's home was not part of his premises. While it is made to appear that this statement was made to appellant's counsel, it was in the hearing and presence of the jury, and trial courts should never lose sight of the weight given to their utterance by the jurors.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*