## ANNIE DEUSCHLE V. THE STATE.

No. 11086.   Delivered November 2, 1927.

Rehearing granted State December 14, 1927.

Rehearing denied Appellant April 11, 1928.

**1.—Assault With Prohibited Weapon—Evidence—Held Insufficient.**

Where on a trial for an assault with a prohibited weapon, under Art. 1151, P. C., the state failed to show that at the time of the assault with a pistol that the appellant was unlawfully carrying said pistol, this evidence is insufficient to support the verdict.   But see opinion on rehearing granted State.   Following Ball v. State, 25 S. W. 627.

### ON REHEARING BY STATE.

**2.—Same—Unlawful Assault and Unlawfully Carrying a Pistol—Statute Construed.**

Under Art. 1151, P. C., denouncing an assault with a prohibited weapon, one of the jury questions was whether or not appellant had the pistol at the time of the assault for an unlawful purpose.

**3.—Same—Continued.**

She had the right to the full use of the public road in question, in the performance of any act or thing pertaining to the legitimate use and enjoyment of her premises.   Although a public road running through a homestead may be a part of the premises for the purpose of their legitimate use, but not for an illegal purpose.   In so far as the case of Ball v. State, 25 S. W. 627, is in conflict with this opinion, it is overruled.

**4.—Same—Continued.**

The appellant had the perfect right to go upon the public road in question with a pistol in making a journey to and from her separated tracts of land for the purpose of transacting business legitimately connected with her enjoyment of the premises, but when her purpose in carrying the pistol became unlawful her right to carry same ceased, and her act in carrying it thereupon became unlawful.   See Art. 484, P. C.; Mangum v. State, 90 S. W. 31, and other cases cited on rehearing by State.   Also see Branch's P. C., Sec. 987.

### ON REHEARING BY APPELLANT.

**5.—Same—Right to Carry Pistol—Rule Stated.**

While it seems uniformly held that one may carry a pistol from a place where same is legitimately had, to another like place, for some legitimate purpose, this does not mean that such person may so carry such weapon idly or merely for the sake of carrying it, or habitiually, or for some unlawful purpose.   Distinguishing Ross v. State, 28 S. W. 199, and other cases cited on rehearing by appellant.

**6.—Same—Continued.**

One cannot idly or without lawful purpose carry a pistol from premise to premise across the property of others or of the public, and such carriage when proven is deemed unlawful, and the burden of proving that

such carrying was lawful and within some of the exemptions in the statute is upon the accused. Following Bridgers v. State, 8 Tex. Crim. App. 145, and other cases cited on rehearing by appellant.

**7.—Same—Province of Jury—To Determine Facts—Rule Stated.**

It is well settled in this state that when the facts are presented on which a defensive issue depends, and the jury resolves same against the accused, if the evidence is sufficient to support the finding, this would be conclusive. Following Moore v. State, 86 Tex. Crim. Rep. 502, and other cases cited on rehearing of appellant.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for an assault with a prohibited weapon, penalty a fine of $75.00.

The opinion states the case.

*Brin & Cate* of Terrell, and *Wynne & Wynne* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted under Art. 1151 of the Penal Code, the indictment charging that while unlawfully carrying on and about her person a pistol she unlawfully and wilfully made an assault upon Martha Weiland, penalty a fine of $75.00.

Under this indictment it devolved upon the state to show: (1) That appellant unlawfully assaulted the prosecuting witness with a pistol, and (2) that the pistol was then and there being unlawfully carried by appellant. Art. 1151, P. C.; Reneau v. State, 291 S. W. 899. The evidence we deem sufficient upon the first of these issues and that upon the second issue was substantially as follows: A public road ran through the homestead of appellant; the house, barn and cow lot were on one side of this road and a cow pasture in which the milch cows were kept was immediately opposite on the other side of the road, there being about one hundred acres on one side of the road and about ten acres on the other side. The appellant had a pistol on the date of the offense in the public road between her residence and the cow pasture and on said occasion, the state's witness testified, fired two shots towards the prosecuting witness who was passing in an automobile. The testimony for appellant shows that she had been across the road after the cows and returning fired a shot at a rabbit. It further shows the impossibility of appellant's using her homestead without using the public road, the title to which road in the public it

seems amounted only to an easement, the fee remaining in the appellant's husband. This case turns upon the sufficiency of the above evidence to show that appellant was unlawfully carrying the pistol when the alleged assault was made. Judge Hurt summarily disposes of a similar contention in the case of Ball v. State, 25 S. W. 627, in the following language: "Appellant carried the pistol on a public road. The road ran through the premises of Mr. Stanford. That point of the road at which appellant carried the pistol was situated on Stanford's premises —his homestead. Appellant lived with Stanford, he had no other home. Did he violate the statute prohibiting the carrying of a pistol? He did not." To the same effect in Ross v. State, 28 S. W. 199. See also following cases: Mendez v. State, 250 S. W. 680; Parker v. State, 76 Tex. Crim. Rep. 260. Under these authorities the evidence was clearly insufficient to show the existence of one of the indispensable elements of the offense denounced in Art. 1151, P. C.

Art. 483, P. C., makes the carrying of a pistol unlawful, and Art. 484, P. C., excepts out of the operation of Art. 483, peace officers, the carrying of arms on one's own premises, persons traveling, and others. One whom the facts place clearly within any of the exceptions contained in Art. 484, P. C., cannot be prosecuted for the offense of unlawfully carrying a pistol, whatever may have been his intent in carrying it. Herein lies the distinction between cases like Moore v. State, 86 Tex. Crim. Rep. 502, and the instant case. The evidence shows appellant within one of said exceptions, viz.: The carrying of a pistol on one's own premises. This being established, the state's case fails under the indictment herein.

It does not follow, of course, that the appellant has violated no law under the testimony of the state's witnesses, but the prosecution instituted being for an offense which demanded proof beyond a reasonable doubt of the unlawful carrying of a pistol, and this proof, in our opinion, being insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MARTIN, JUDGE.—In our original opinion we reluctantly followed the case of Ball v. State, 25 S. W. 627, which was inter-

preted by us to mean that a public road running through a homestead was a part of the premises, as that word is used in Art. 484 of the Penal Code, so that a person in possession of same charged with unlawfully carrying a pistol came within one of the exemptions named in said article. The facts of the Ball case are meagerly stated and perhaps a fuller statement might disclose that it is not out of line with what, upon fuller consideration, we now believe is the correct rule in cases of this character. If our original interpretation be correct then the Ball case is unsound and any express or implied holding of same as interpreted above is overruled.

One of the jury questions in this case was whether or not appellant had the pistol at the time of the assault for an unlawful purpose. She had the right to the full use of the public road in question in the performance of any act or thing pertaining to the legitimate use and enjoyment of her premises and when so using it did not violate the pistol law in having with her such a weapon on the public road. It would, we think, however, be stating the rule too broadly and be provocative of too much mischief to say that she would have the right to carry prohibited weapons upon such a road irrespective of her intent and purpose in having same. Although a public road running through a homestead may be a part of the premises for the purpose of their legitimate use and enjoyment by the owner, the real right of possession to such road belongs in the public so as to exclude its use by such owner for an illegal purpose not in any way connected with the right of use and possession of the premises through which the road runs.

Sec. 23 of the Bill of Rights to our State Constitution provides:

"Every person shall have the right to keep and bear arms in the lawful defense of himself or the state, but the legislature shall have the power by law to regulate the wearing of arms with a view to prevent crime."

In response to and in furtherance of said permissive clause, the legislature, to prevent crime, has prohibited the carrying of certain arms with the exemptions set out in Art. 484 of the Penal Code. This class needs no further authority than the terms of the statute as a defense and having the right by law to carry a pistol, the purpose in carrying same is immaterial. There is, however, a second class, not defined by statute, which under our decision are exempted from the operation of the pistol law. Their right to carry a pistol may be said in a general way to be an incident of their constitutional right to

own, possess and bear arms.   The following Texas cases illustrate this class:

A weapon may be lawfully carried to one's home, place of business, or to a repair shop for the purpose of repairing it. Mangum v. State, 90 S. W. 31; Roberts v. State, 60 Tex. Crim. Rep. 112; Morris v. State, 163 S. W. 709; Fitzgerald v. State, 52 Tex. Crim. Rep. 266.   Or a pistol may be carried from store to store in search of ammunition.   Waddell v. State, 37 Tex. 354.   Or at the direction of his employer an employee may carry to another store.   Huff v. State, 51 Tex. Crim. Rep. 441.   He has a right to carry the pistol to deliver it to the party to whom he sold it.   Upton v. State, 26 S. W. 197.   Sec. 987, Branch's P. C., states the rule broadly in pistol cases as follows:

"An act in violation of the letter but not of the spirit of the law is no offense."

See also Moore v. State, 86 Tex. Crim. Rep. 502; Elliott v. State, 45 S. W. 711.

In the second class of cases the right to carry a pistol cannot co-exist with an unlawful purpose and intent in carrying it. When the purpose for which it was being carried ceased, the legal right to carry it also ceased, while in the first class of cases mentioned above, such purpose could not be inquired into, if the facts conclusively showed that the person charged was within one of the exceptions of the statute.

We have concluded that the facts of this case place it within the second of said classes instead of the first, as formerly held.

The appellant had the undoubted right to go upon the public road with a pistol in making a journey to and from her separated tracts of land for the purpose of transacting business legitimately connected with the operation of her premises, but when her purpose was unlawful and had no legitimate connection with the business arising out of or incident to her possession and enjoyment of the premises, her right to have a pistol ceased and her act in carrying it thereupon became unlawful.

Errors of omission occurred in the court's main charge of which complaint is made.   Special charges given at the request of appellant, we think, cured these errors.   Their interest to the bench and bar do not justify the use of lengthy space in their discussion.   The charges are, as a whole, if anything, perhaps more liberal than appellant was entitled to.

Believing that no error was committed, the judgment heretofore entered reversing and remanding this cause is hereby set

aside, the state's motion for rehearing is granted, and the judgment of the trial court is affirmed.

*Rehearing granted State.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—That one may carry a pistol from a place where same is legitimately had, to another like place for some legitimate purpose, seems uniformly held; but this does not mean that such person may so carry such weapon idly, or merely for the sake of carrying it, or habitually, or for some unlawful purpose. Cassi v. State, 86 Tex. Crim. Rep. 369; Moore v. State, 86 Tex. Crim. Rep. 502. We did not intend any expression in our judgment of affirmance herein, to be understood otherwise. Appellant defended in this case on the theory that she did not carry across the public road in front of her house, the pistol with which the alleged assault, if any, was made; but that she took it no further than to her gate where she left it while she went across the road and retuned. The state witness Howard testified that appellant took the pistol from her pocket and fired it while in said public road, and this gave rise to the issue chiefly discussed in the opinion heretofore, as to whether she would be guilty in the event she did so carry said pistol on and across said road.

We have carefully considered the able motion for rehearing, but are not satisfied that the Ball case, referred to in our former opinion, or the Ross case, 28 S. W. 199, would justify us in holding that one might legally carry a pistol on a state highway under facts such as appear in this case. Nothing in either of the cases referred to apply to the character of case or the kind of road which appears here. The road referred to in said cases might easily have been a second or third class or even a neighborhood road as defined by our statute. If the facts in this case justified the jury in finding that appellant carried the pistol in question to a point in the public road and that she there shot same at the alleged injured party, then in our opinion they were warranted in the verdict of guilty. Appellant herself swore: "I had no business to take the pistol with me across the road." "Before I went after the cows I laid the pistol inside the yard." Granting the right then of one under circumstances showing some need or lawful reason to carry a pistol from one

premise to another, we are forced to hold a discussion of such right merely academic here for the reason that appellant not only did not furnish proof of some lawful purpose in such carriage but denies that she did carry said pistol from her yard across the road to the pasture. To be sure we recognize the rule that if evidence other than that of the accused raises or supports the proposition that she lawfully carried the pistol from one premise to another, this would be enough to properly raise the issue, but there is no such other evidence in this case.

One can not idly or without lawful purpose carry a pistol from premise to premise across the property of others or of the public; and such carriage when proven is deemed unlawful, and the burden of proving that such carriage was lawful and within some of the exemptions, is upon the accused as appears in Bridgers v. State, 8 Tex. Crim. App. 145; Stilly v. State, 27 Tex. Crim. App. 445; Williams v. State, 74 Tex. Crim. Rep. 639; Blair v. State, 26 Tex. Crim. App. 387; Hunter v. State, 73 Tex. Crim. Rep. 459. In the well considered case of Moore v. State, 86 Tex. Crim. Rep. 502, it seems held that when the facts are presented on which a defensive issue depends and the jury resolves same against the accused, if sufficient to support the finding, this would be conclusive. The reasoning of the court in that case seems applicable here.

Being unable to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*