### WILLIE JOHNSON v. THE STATE.

No. 14376. Delivered June 17, 1931.
Rehearing Denied October 21, 1931.

294.

 

The opinion states the case.

*D. E. O'Fiel,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant was walking along a public street carrying a package. Officers observed him and suspected that he was carrying whisky. They stopped him, took the package from him, examined same and found it to contain a gallon of corn whisky. Appellant defended upon the proposition that as he was going along said street a boy handed the package in question to him, and that he did not know what was in it. The officers testified that when they asked appellant in regard to the package and its contents, that he informed them it contained a gallon of whisky. Appellant took the witness stand and testified that the boy referred to handed to him said package, and that he did not know what its contents were. The statement made by appellant to the officers would appear to be res gestae of his possession and transportation of the liquor in question, and admissible under that theory. Bills of exception complaining of the admission of testimony are of no avail when it appears from the record that the accused himself gave substantially the same testimony. The proposition as to whether certain liquor is intoxicating is not one which demands expert testimony.

We are not impressed by the bill of exception complaining of the fact that the court lectured another party who had been given a suspended sentence, in the presence and hearing of the jury panel. The jury trying this appellant saw fit to give him the lowest penalty for the offense charged, and nothing manifests any prejudice on their part.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant was arrested by officers Brown and Davis. Their testimony is thus summarized: The officers were looking for the appellant and saw him walking on the street

carrying a paper bag in his hand. There was a boy with the appellant. The officers had a "pretty good" idea as to what the bag contained, but could not tell its contents. The officers got out, approached the appellant and said, "What is that, Willie?" He said, "A gallon of whisky." This statement was made after the appellant had been stopped by the officers, who had no warrant for the arrest. One of the officers testified:

"When I saw him with this peculiar package, it attracted my suspicion he was carrying whisky. I knew in my mind when we drove up there what was in the package."

The appellant conducted a cold-drink stand and the boy with him said that he went to the appellant's place and ordered a gallon of whisky for a woman. The arrest occurred about a block from the appellant's place of business.

The appellant's testimony is in substance as follows: He was traveling on the street and "fell in" with a boy who had a package in his hand. Two officers drove up and said to the boy: "Hey, where are you going boy?" Appellant and the boy were going in the same direction. When the officers spoke to the boy, he handed the package to the appellant, whereupon the officers said: "Get in the car. You, too, Willie, the chief wants to talk to you." Officer Brown took the package, together with the appellant and the boy, to the police station. Appellant denied telling Brown that the package contained whisky and said that when he got the package he did not know its contents; that he did not carry the package but was stopped by officers the moment the package was put in his hands.

There were other indictments for felony against the appellant.

There are several bills of exception complaining of the testimony of the officers who made the arrest. The bills are almost void of any recitals showing the surrounding facts, and are open to the criticism that they merely show that objection was made and fail to incorporate so much of the evidence as would verify the truth of the objection. See Coleman v. State, 110 Texas Crim. Rep., 409, 10 S. W. (2d) 559; Stanford v. State, 103 Texas Crim. Rep., 182, 280 S. W., 798, and other cases collated in McKinley v. State, 35 S. W. (2d) 148. However, the bills have been considered. In some of them it appears that the objection made by the appellant was sustained. In the main, the bills are addressed to the claim that the testimony of the officers showing that their knowledge of the possession of the whisky by the appellant was illegally obtained. That position seems untenable. From the testimony of the officers it appears that before any arrest of the appellant was made, he stated that the package in his hand contained whisky. The transaction is analogous to that before the court in Pena v. State, 111 Texas Crim. Rep., 218, and Carter v. State, 113 Texas Crim. Rep., 433. In that connection, it may be added that the appellant having testified in his own

behalf admitting the possession of the jug of whisky, he is in no position to demand a reversal of the judgment upon the ground that substantially the same testimony came into the case from the officers who made the arrest. See Bonillo v. State, 108 Texas Crim. Rep., 603, 2 S. W. (2d) 248; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Mireles v. State, 114 Texas Crim. Rep., 6, 23 S. W. (2d) 727, and authorities there collated; Aggers v. State, 114 Texas Crim. Rep., 391, 24 S. W. (2d) 838, and precedents there cited.

The motion for rehearing is overruled.

*Overruled.*