## R. F. DUE v. THE STATE.

No. 15684.   Delivered March 1, 1933.
Reported in 57 S. W. (2d) 849.

The opinion states the case.

*W. B. Thomas,* of Groveton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at confinement in the county jail for a period of thirty days.

The offense is defined in article 483, P. C., 1925.

From the evidence it is made to appear that Evans, the sheriff of Trinity county, was called to the home of Willis Steele.  He was accompanied by his son and Brunson, a constable.  Information was given that there was a disturbance at the Steele home.  Upon reaching it, some one remarked: "Yonder they go now," pointing to a field where the appellant and Olgie Parker were walking down a public road which passed the home of M. B. Kee and proceeded on by the residence of L. L. Lee. The sheriff and his associates, upon receiving the information mentioned, pursued the appellant and Parker.  As they were overtaken, the sheriff noticed that "they were staggering back and forth across the public road."  They were commanded to halt.  The appellant obeyed, but Parker fled.  He was pur-

sued by the sheriff and one of his posse, while Brunson remained with the appellant. Brunson observed upon the appellant something bulky, and upon investigation, found it to be a jar with a small quantity of whisky in it. The constable observed another bulky place on the appellant's clothing. The appellant was then searched and a pistol taken from him.

It seems that Parker and the appellant reached the home of Steele about one o'clock in the afternoon. While there, appellant made no display of his pistol. No warrant was possessed by the officers for the arrest of either Parker or the appellant. Appellant had been arrested two days before a warrant was obtained. After obtaining the warrant, it was returned reporting the appellant's arrest.

From some source not definitely shown by the record, the appellant had borrowed a pistol from Norman Trevathan on a Friday night, and was returning it on Sunday afternoon in accord with his promise; that, while on his way to the home of Trevathan, appellant fell in company with Parker, and they went together to the residence of Steele, and stayed from the time of their arrival until about four o'clock in the afternoon; that, while there, the appellant made no display of his pistol. After borrowing the pistol, he took it home without stopping. He had not subsequently handled it until he picked it up to carry it back to the home of the man from whom he had borrowed it.

In his charge to the jury the court embraced the following instruction: "As a defense set up by the defendant is that he had borrowed the pistol in question on Friday night before with the promise to return the same on Sunday afternoon, when he was arrested. Now, if you believe from the evidence in this case that the defendant had borrowed the pistol, as is testified, and was returning the same, as testified to, you will acquit the defendant, and he is not required to travel the most direct route in making such delivery. But, in this connection, you are instructed that should you believe that defendant borrowed the pistol, as testified to upon his trial and was returning the same as testified to at the time he was intercepted by the officers, but that the evidence before you should show that while on his journey to return the pistol the defendant digressed from the common purpose of delivering the pistol and loitered along the way at any place and engaged in any matters foreign to and not pertaining to his business on his journey in delivering the pistol, he would lose his protection under the law and would be guilty of the charge placed against him, and if you so believe

beyond a reasonable doubt, you will convict the defendant and assess his punishment as heretofore directed."

By exception to the charge, the appellant challenges the instruction to the jury above quoted. However, it is thought that the paragraph fully protected the appellant's rights as indicated in the various precedents. See article 483, P. C., also Rosebud v. State, 87 Texas Crim. Rep., 267; Deuschle v. State, 4 S. W. (2d) 559; Veal v. State 58 Texas Crim. Rep., 340; Cordova v. State, 50 Texas Crim. Rep., 353.

Appellant prepared a special charge which covers the same subject as that embraced in the court's charge; namely, the circumstances under which the appellant would be guilty if he digressed from his purpose in returning the pistol. The court having substantially embodied the matter in the main charge, the special charge was properly refused.

Touching the matter of the arrest of which the appellant complains, the subject seems not pertinent. The arrest resulted in the discovery of the pistol in the possession of the appellant. The appellant having put in evidence that he possessed a pistol and explained the purpose for which it was possessed, the matter of the discovery of the pistol by the officer has no important bearing upon the issues involved. See Benoit v. State, 36 S. W. (2d) 168; Johnson v. State, 42 S. W. (2d) 421; Reusch v. State, 119 Texas Crim. Rep., 112, 45 S. W. (2d) 209; Rippy v. State, 53 S. W. (2d) 619; Spicer v. State, 46 S. W. (2d) 707.

The case of Deuschle v. State, supra, cites many authorities which are deemed the proper basis for upholding the paragraph of the court's charge of which complaint is made, and as supporting the judgment.

No error having been presented by the record, the judgment is affirmed.

*Affirmed.*