## HUB BOWERS v. THE STATE.

No. 20090.    Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*E. G. Pharr* and *C. C. McKinney,* both of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with a violation of the liquor laws in Delta County, same being a dry area, in that he possessed for the purpose of sale intoxicating liquor, and upon a conviction therefor his punishment was assessed at a fine of $100.00, hence this appeal.

In his brief appellant offers two propositions upon which complaint is based: First, the insufficiency of the evidence, and, second, the admission of testimony relative to what the peace officers found upon a search of appellant's premises under what was termed by appellant as a defective search warrant.

Both propositions are based upon the same complaint, and that is the insufficiency of the search warrant, and both contentions can be treated together. As suggested by the State's Attorney, both complaints can be disposed of on the ground that if there was error evidenced by the introduction of the testimony relative to the liquor found in appellant's place of business by the searching officers, the appellant himself introduced the witness Caperton who testified to the same facts as were testified to by the searching officers, and who placed the same amount of liquor in this place as the officers themselves had testified to, but claimed the same as his own. We have heretofore held in Countee v. State, 44 S. W. (2d) 994, that "Illegally obtained evidence does not call for a reversal where other testimony to the same effect goes into the case without objection," and cases there cited. Also see Johnson v. State, 42 S. W. (2d) 421.

It is not necessary to write on the legality of the search

of appellant's premises on account of the fact that he introduced the same proof relative to the liquor contained on such premises, thereby obviating the necessity of a construction of such search warrant.

The testimony shows that there was more than a quart of liquor found on appellant's premises, and the court properly instructed the jury relative to whether or not this liquor was the property of and in the possession of appellant. Their verdict fixed such ownership and possession, and we do not feel inclined to disturb the same.

Many bills of exception are found in the record, but are not mentioned in appellant's brief. Upon an examination thereof we are inclined to the view that none of them evidence error of any substantial nature.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant insists we were in error in stating in the original opinion that the witness Caperton, who testified for appellant, gave substantially the same testimony as did the searching officers. If such statement is not correct it does not follow that the judgment should be reversed. The officers operated under a search warrant which appears to meet the requirements of the law. The house to be searched was sufficiently described in the affidavit and warrant. It was averred in said instruments that said place was occupied by Hugh Caperton and Hub Bowers; that it was a place where alcoholic beverages were unlawfully possessed, sold, manufactured, kept and stored in violation of the law; that the affiants had received information from reliable citizens of Cooper that whisky was being sold at said place; that Hugh Caperton and Hub Bowers had openly admitted the keeping and selling of illicit liquor at said place. The search warrant concludes: "Witness my hand this 11 day of March, A. D. 19—. Signed H. C. McEntire, Justice of the Peace, Precinct No. 3, Delta County, Texas." The further indorsement appears on the warrant: "Issued this 11th day of March, A. D. 1938. H. C. McEntire, Justice of the Peace, Precinct No. 3." Looking to the indorsement last quoted, we think it is clear that appellant's contention that the search warrant is insufficient in that it fails to show the date upon which it was issued cannot be sustained.

Appellant makes the further contention that the testimony

of the searching officers should not have been received in view of the fact that the justice of the peace testified that he did not know the contents of the affidavit at the time he issued the warrant. We do not decide whether such an attack on the warrant was authorized, but hold that, in view of the testimony heard by the judge, he was warranted in concluding that the search warrant was regularly issued. We quote from the testimony of one of the affiants as follows:

"Yes, sir, that is my signature. H. W. Wilson signed that search warrant. I have seen this particular instrument before. It is a search warrant to search Hugh Caperton and Hub Bowers. It shows that Mr. Wilson and I made this affidavit on the 11th day of March, 1938. I recall going to Judge McEntire's house for that purpose. We went there to execute and procure a number of search warrants. We was sworn and signed the affidavit before him. We discussed with him the information before we signed them. This was discussed before we signed and swore to it."

We are constrained to hold that the affidavit and warrant based thereon were sufficient. Hence the trial court committed no error in admitting the testimony of the officers touching the result of the search.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.