## Frank Weaver v. The State.

No. 22223. Delivered October 21, 1942.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, five years' confinement in the State penitentiary.

The question presented by this appeal renders a statement of facts unnecessary, further than to say that the State's testimony showed that appellant shot the injured party twice, in the back of the head, with a pistol, without justification or excuse. One bullet entered the skull, where it was embedded at the time of the trial. The testimony of the attending physician described the wound as being of a serious nature and one from which recovery was rare.

The appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defense.

An application for a suspended sentence was filed, supported by proof that appellant had never theretofore been convicted of a felony in this or any other state. In addition thereto, the appellant introduced several witnesses, who attested his good reputation for being a peaceable and law-abiding citizen.

Upon cross-examination of one of these character witnesses, the State propounded the following question: "Mr. Vickers, did you ever hear of any acts of personal violence committed upon any of his children?" to which the witness replied: "I have in recent days when this matter came up."

To each of the other character witnesses, the following question was propounded upon cross-examination: "Have you ever heard of any act of personal violence committed by this Defendant on his children?" In each instance, the reply was "No."

To each and all of the questions propounded objections were urged to the effect that it was an attempt to prove specific acts of misconduct on the part of appellant not amounting to violations of the law, and for which appellant had neither been charged nor convicted. The objections were, in each instance, overruled.

All of the bills of exception presenting these matters are qualified, by which attention is called to the fact that the appellant himself, upon cross-examination of the witness Oran Smith, proved, as a fact, three separate acts of violence on the part of appellant towards three of his (appellant's) children. As supporting the qualification mentioned, we note that Oran Smith, the Sheriff of Johnson County, testified, in rebuttal for the State, that the appellant bore a bad reputation for being a peaceful and law-abiding citizen; and, upon cross-examination by appellant's counsel, the witness testified as follows:

"I say that because on one occasion maybe three occasions, one in particular, one of his daughters came into the jail crying one afternoon and said that her dad was about to kill her, and she wanted to know what to do. She said 'I don't want to violate the law, but I can't go back home, I want to know what to do.' That is one item that I base his reputation on, because he and his daughter had some trouble. The other item was something about the rest of his children. There was another girl that had some similiar trouble. I do not know whether the

girl ran off, ran away from home and he got Dock Ince to go bring the girl back home, and that *that* the girl was giving him some trouble that he thought was detrimental to her morals. I didn't get to finish my story. The little boy, I do not know what his first name is, had gotten into his dad's trunk and took a pistol out, and I do not know whether his dad whipped him for it or not, his report was that he was afraid. That is three instances about his children and that is what I base his bad reputation on."

From this, it will be noted that the appellant was placing in evidence, as facts, the very matters to which he had theretofore objected. An accused cannot complain of testimony where he has testified to, or introduced evidence of, the same thing or to the same effect. Johnson v. State, 42 S. W. (2d) 421, 118 Tex. Cr. R. 293; Reusch v. State, 45 S. W. (2d) 209, 119 Tex. Cr. R. 112; Moss v. State, 50 S. W. (2d) 835, 121 Tex. Cr. R. 614; Due v. State, 57 S. W. (2d) 849, 123 Tex. Cr. R. 73.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.