## MILES HAMILTON v. THE STATE.

No. 22236.  Delivered October 28, 1942.
Rehearing Denied (Without Written Opinion) November 25, 1942.

The opinion states the case.

*D. H. O'Fiel,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Arson is the offense; the punishment, ten years' confinement in the State penitentiary.

This is a companion case to that of Banks v. State, 157 S. W. (2d) 360.

It was charged that appellant and Banks wilfully burned the house of M. H. Foster.

That the filling station of Foster, situated on the corner of 6th Street and 9th Avenue, in the City of Port Arthur, was set afire and burned is not seriously disputed in this record.

It appears that, about 8:15 P. M., Foster and Banks (his employee) closed the station. Banks later returned, and, after putting some gasoline in a truck belonging to Foster, placed five gallons of gasoline in a can inside the station. Johnson and Rodgers were present at this time. All three left the station, in the truck. Later in the night, they met up with appellant, who joined them. Johnson and Rodgers were carried home, leaving appellant and Banks together. About 4:00 A. M., the station and building was discovered afire, gasoline having been used.

According to appellant's confession, after he and Banks and Rodgers were present at this time. All three left the station, where Banks sprinkled ten gallons of gasoline on the floor of same, after which he (Banks) got into the truck, drove about a block away, and waited. As to what then happened, we quote from the confession: "I lit a match and started through the door and when I got one-half way the explosion knocked me clean out the door."

M. H. Foster did not testify as a witness in the case. It appears that, at the time of the trial, he was out of the state. Ownership of the filling station was established in him by the testimony of his brother, H. B. Foster, and by N. Gilbeau, chief of detectives of the City of Port Arthur.

H. B. Foster testified that his brother, M. H. Foster, operated the filling station referred to, and that he knew such fact because he had seen his brother at the filling station and had bought gasoline from him there. He admitted that he did not know whether his brother was the owner or just the operator of the station.

Gilbeau testified that he knew, of his own knowledge, that M. H. Foster operated the filling station. Upon cross-examination, he said that Foster told him that he was the operator of the station.

Appellant assails the sufficiency of the evidence to show ownership of the filling station in M. H. Foster. He contends that the proper manner of establishing ownership in an arson case is by deed and that a deed is the best evidence of ownership. He also contends that the testimony relied upon by the State was subject to the objection that it was hearsay.

There are certain well defined rules governing proof of ownership in arson cases. These are: Such may be established by parol evidence. Black v. State, 59 S. W. (2d) 168, 123 Tex. Cr. R. 476; Nash v. State, 51 S. W. (2d) 689, 121 Tex. Cr. R. 13. Such ownership is established by proof of actual care, control and management of the building. Allen v. State, 137 S. W. 1133, 62 Tex. Cr. R. 501; Wilkerson v. State, 45 S. W. (2d) 201, 119 Tex. Cr. R. 4; 4 Tex. Jur., Sec. 10, p. 807.

As to appellant's contention that the testimony of the witnesses relied upon to show ownership was subject to the objection that it was hearsay, we note that appellant, upon cross-examination of the witness Gilbeau, developed and proved that M. H. Foster had told him (Gilbeau) that he was the owner of the filling station. This constituted proof, by the appellant, and by hearsay of the same fact to which he was objecting. An accused is not in position to object to testimony where he himself testifies, or introduces evidence, to the same effect. Johnson v. State, 42 S. W. (2d) 421, 118 Tex. Cr. R. 293; Countee v. State, 44 S. W. (2d) 994, 119 Tex. Cr. R. 131; Montgomery v. State, 31 S. W. (2d) 440, 115 Tex. Cr. R. 469. As sustaining his contention, appellant cites Lemley v. State, 117 S. W. (2d) 435, 135 Tex. Cr. R. 148. In that case, the burned building was vacant. No person was shown to be in the possession of, or exercising the care, control and management of, the burned

building. Such fact distinguishes the rule there applied from the instant case.

From what we have said, it follows that the conclusion is reached that the evidence is sufficient to show ownership of the burned filling station in M. H. Foster.

By bills of exception, complaint is made of the receipt in evidence of the testimony of the witnesses Johnson and Rodgers relative to the acts and conduct of Banks in placing the can of gasoline in the filling station at the time he closed up and left the station. These acts all occurred outside appellant's presence, and before Banks and the witnesses had met up with him. The objection urged to such testimony was that it was hearsay, irrelevant, and immaterial.

According to appellant's confession, he and Banks entered into a conspiracy to burn the filling station, and to divide the money that Banks claimed M. H. Foster had agreed to pay therefor.

The rule is well established that the acts and declarations of one co-conspirator, made prior to or pending the consummation of the conspiracy, are admissible in evidence against any and all of the conspirators, though made out of the presence or hearing of the accused. 18 Tex. Jur., Sec. 118, P. 208; Morphey v. State, 45 S. W. (2d) 1099, 119 Tex. Cr. R. 77; Caldarera v. State, 53 S. W. (2d) 485, 122 Tex. Cr. R. 46; Raulie v. State, 55 S. W. (2d) 562, 122 Tex. Cr. R. 348; Bowers v. State, 134 S. W. (2d) 263, 138 Tex. Cr. R. 92; Carter v. State, 116 S. W. (2d) 371, 135 Tex. Cr. R. 457.

It is immaterial that the testimony of Johnson and Rodgers as to the acts of Banks complained of was introduced prior to the proof showing the conspiracy between Banks and appellant to burn the station, because the order in which the evidence showing the conspiracy is admitted does not affect the admissibility of the evidence of the acts of a co-conspirator. Sapp v. State, 223 S. W. 459, 87 Tex. Cr. R. 606.

The acts of Banks complained of being in furtherance of the consumption of the conspiracy, proof thereof was admissible.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.