### VERA GAMBLE V. THE STATE.

No. 23796. Delivered November 12, 1947.
Rehearing Denied January 7, 1948.

*Crist & Bankhead,* of Kaufman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted for possessing wine in a dry area for the purpose of sale, and assessed a fine of One Hundred Dollars.

The Sheriff of Kaufman County, together with the Chief of Police of the City of Kaufman, approached the home of appellant after night and stopped their car two blocks or more away. At this point they heard loud noises, which grew louder as they approached. Two negroes were standing on the front gallery. They heard dancing and other noises inside. The Sheriff went to the side of the building while the Chief of Police went to the front door. As he did so a feminine voice, said to be appellant's, invited him in. On the inside were about a dozen negro men, with a considerable quantity of wine and glasses indicating that they were drinking. When the Chief entered, appellant jumped in the bed with her clothing on. He asked, "What's all this mess going on about?" To which she replied, "We're just having a dance here." He then asked her if she had any more wine and she told him that if he thought there was to go ahead and look. About this time the Sheriff came into the room, apparently uninvited, and without knowing the permission she had given, went about searching the premises with the result that he brought into court thirteen quart bottles of wine. He also found some gin. This wine was hidden in various places, some in an old Victrola box, some in the kitchen, and two quarts under a bed. The officers did not have a search warrant.

Upon the trial of the case objection was made to the introduction of the wine in evidence, on the ground that it was obtained unlawfully. This objection lost its force when the appellant took the witness stand and admitted possession of the wine but denied her intention to sell it. She said that her husband had been in the Navy; that he wrote her he would be home on that particular night; that she had secured the wine some time before, in Dallas, and kept it in preparation for his return.

She further says that she invited her friends in to welcome her husband, and that she had no intention of selling it.

By Bill of Exception No. 5 complaint is made of the statement by the prosecuting attorney, in his argument to the jury, to the effect that the officers both testified that they had information for some time of liquor violations by Vera Gamble. It is said this is not in the record. However, the bill says, "Such error was duly and timely pointed out to the court in the defendant's amended motion for a new trial." The bill complains of the failure of the court to grant the new trial on this ground.

If the argument was made and if it was not based on the testimony in the case, objection should have been presented to the court at the time the argument was made, and proper instruction requested withdrawing it from the jury. It came too late in the motion for new trial.

Bill of Exception No. 6 complains of the argument of the prosecuting attorney to the effect that the State must have had a good case, because the court overruled the defendant's motion for an instructed verdict. Objection was made to this argument at the time it was given, and the court sustained the objection and instructed the jury not to consider the same for any purpose. We do not think there was anything inflammatory about the statement which the court could not withdraw from the jury.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the search of her residence was without authority of law and that the testimony showing the finding of the wine therein was not admissible.

Testifying as a witness in her own behalf, appellant said that the wine found by the officers was "my wine." She explained that the wine was possessed for her own use and that of friends and not for the purpose of sale. Appellant thereby admitted the very fact to which she was objecting—which was proof of the fact that the wine was in her possession.

An accused cannot complain of testimony where he testified to the same fact. See: Johnson v. State, 118 Tex. Cr. R. 293,

42 S. W. (2d) 421; Reusch v. State, 119 Tex. Cr. R. 112, 45 S. W. (2d) 209; Moss v. State, 121 Tex. Cr. R. 614, 50 S. W. (2d) 835; Due v. State, 123 Tex. Cr. R. 73, 57 S. W. (2d) 849; Bowers v. State, 136 Tex. Cr. R. 387, 125 S. W. (2d) 555; Weaver v. State, 144 Tex. Cr. R. 590, 165 S. W. (2d) 106; Hamilton v. State, 145 Tex. Cr. R. 78, 165 S. W. (2d) 737; Myers v. State, 194 S. W. (2d) 91.

We remain convinced of the correctness of the conclusions originally expressed.

The motion for rehearing is overruled.

Opinion approved by the Court.