## C. W. JOHNSON, JR. V. STATE

No. 27,004.  June 23, 1954

*Marshall, King & Jennings,* by *Frank Jennings, Jr.,* Graham, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for unlawfully carrying a pistol: the punishment, a fine of $100.00.

Appellant owned and occupied a 1700 acre tract of land which was intersected by "Dry Creek." A public road that had been a part of the tract ran along the northern edge of the 1700 acre tract, and appellant, in going from his home east of Dry Creek to the part of his premises lying to the west thereof was compelled to use the public road for a distance of some two miles.

He was arrested while traveling this portion of the road in his automobile with a pistol in his pocket. He testified that he had been having trouble with some dogs attacking and running wild game on the west side of Dry Creek and that he quite often carried his pistol with him when he went to that part of his premises.

Appellant had the lawful right to carry a pistol on his own premises and this right extended to every part thereof.

The public road was fenced and formed no part of such premises. Deuschle v. State, 109 Texas Cr. Rep. 355, 4 S.W. 2d 559.

Under this authority appellant had the right to the full use of the public road in question in the performance of any act or thing pertaining to the legitimate use and enjoyment of his premises, and when so using it did not violate the law in having with him a pistol on the public road, not for an unlawful purpose.

The case of Parker v. State, 76 Texas Cr. Rep. 260, 174 S.W. 343, appears to support this conclusion.

Appellant having been found on a public road carrying a pistol, the burden was upon him to show that he was not carrying it unlawfully.

His testimony raised the issue that he entered the public road only for the purpose of traveling the part adjacent to his pasture from one part of his premises to another for legitimate purposes incident to the operation of his ranch. This defense was not submitted to the jury.

The judgment is reversed and the cause is remanded.