**Thomas GLENN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43560.**

Court of Criminal Appeals of Texas.

April 7, 1971.

Claude R. Giles, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., James R. Barlow, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed by the jury at twenty-five years.

The sufficiency of the evidence is not challenged. The record reflects that late at night on May 2, 1969, John D. Vincent, the robbery victim, went to a tavern called

Bo's Place near McGregor to see a man about repairing an automobile. As Vincent was leaving, the appellant, Thomas Glenn, forced him inside Vincent's pickup and ordered him to drive to the country. When they stopped, Glenn forced Vincent outside, hit him with his own tire tool and knocked him to the ground. Glenn made Vincent drive around, and occasionally would have him stop for another beating. During their travels, Glenn took Vincent's money, his watch and pocket knife.

 The sole complaint is that the trial court erred in overruling a motion for mistrial after Constable Orville testified on redirect examination that he had been given a description of the robber by the victim which caused him to suspect a certain individual, and when the following transpired:

> "Q. (By the prosecutor) And who was that individual?
>
> "A. Thomas, one time we had a forgery—
>
> "MR. LANDAU (Appellant's counsel): Your Honor, at this time I ask for a mistrial."

The court instructed the jury to disregard the statement of the witness, but denied the motion for mistrial.

The error was made harmless when appellant testified that he had been convicted for the offense of forgery. Generally, an accused cannot complain of the admission of testimony when he later testifies to substantially the same facts. Hoover v. State, Tex.Cr.App., 449 S.W.2d 60; Garza v. State, Tex.Cr.App., 442 S.W.2d 693; Cook v. State, Tex.Cr.App., 409 S.W.2d 857; 5 Tex.Jur.2d, Section 466, page 704.

No reversible error has been shown. The judgment is affirmed.