**Jimmy Glenn CROCKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45139.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Clower & Stanford by Ronald L. Clower, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant entered a plea of guilty to the offense of robbery by assault, applied for probation and punishment was assessed by a jury at 20 years.

On January 16, 1970, a man carrying a pistol entered a Tom Thumb store in Dallas, and presented a hold-up note to a store employee in the manager's office. After over $4,000 was placed in a sack, the man fled on foot. One of the store employees pursued him, despite repeated gunfire by the robber, and eventually the employee overtook the offender. Police arrived on the scene, the money was recovered and appellant was placed under arrest.

Appellant states one broad ground of error which contains several specific allegations of error by the trial court. It is multifarious, and not in accordance with Art. 40.09, § 9, Vernon's Ann.C.C.P.; see Sierra v. State, 476 S.W.2d 285 (Tex.Cr.App. 1972). Nevertheless, in the interest of justice, we will consider the alleged error.

Essentially, what appellant complains of is the admission into evidence of three items of physical evidence: the hold-up note and the gun and the bullets allegedly used in the robbery.

**569**

As to the hold-up note, appellant argues that no chain of custody was established by the State. However, the record reveals that the robbery victim positively identified the note, and appellant himself admitted that this was the very piece of paper which he took with him into the store and that nothing had been added to the note. It is elementary that an appellant may not be heard to complain of the admission of evidence when he himself testifies to substantially the same facts. Glenn v. State, 465 S.W.2d 371 (Tex.Cr. App.1971); Wallace v. State, 467 S.W.2d 608 (Tex.Cr.App.1971); Johnson v. State, 118 Tex.Cr.R. 293, 42 S.W.2d 421 (1931); Brown v. State, 477 S.W.2d 617 (Tex.Cr. App.1972).

Next, appellant complains of the admission of the gun and bullets allegedly used in the hold-up, again raising a chain of custody argument. The arresting police officer testified that this was the same pistol which was retrieved from appellant when apprehended, that he had initialled the gun, and that the bullets admitted into evidence were taken from this same gun, placed in a sack and kept in the custody box of the Dallas City Jail until trial time. Also, the store employee who pursued and apprehended appellant testified that this appeared to be the same gun which was retrieved from appellant and turned over to the arresting police officer. Appellant's claim as to failure of the State to establish chain of custody is totally without merit.

Alternatively, appellant argues that the over-all effect of admitting the hold-up note, the gun and the bullets was to prejudice the appellant in the eyes of the jury so as to deny him his opportunity for probation. We note that appellant's attorney, in his argument to the jury, stated: "I don't think the case calls for probation in this case," and went on to suggest to the jury that they assess appellant a 5 to 10 year sentence.

The judgment is affirmed.