**Bobby Joe INZER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59424.**

Court of Criminal Appeals of Texas, Panel No. 2.

July 16, 1980.

Grady Inzer, Longview, for appellant.

Sam Baxter, Dist. Atty., Marshall, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

### OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for carrying an illegal knife. V.T.C.A. Penal Code, §§ 46.02, §§ 46.01(6)(A). Punishment is imprisonment for six months, probated.

Appellant complains of the court's refusal to grant his requested instructions concerning defenses to the offense charged. We reverse.

The two state's witnesses, Officers Bill Dawson and Chris Dorbandt of the Department of Public Safety, discovered a machete in appellant's possession when they stopped him near Hallsville for a traffic violation. Appellant testified that at the time he was on his way to his home near Hallsville after having visited his father at his father's home a few miles north of Longview. According to appellant the machete was his, and his father had borrowed it. He was taking the machete home because his father had finished using it. Appellant testified that it was a 15–20 mile drive from Longview to Hallsville, and that he was taking his usual route home.

Appellant submitted to the court two request instructions on defenses to the offense charged. One of the requested instructions required the jury to acquit appellant if it found that he was carrying the machete directly home after lending it to a third person. This instruction was denied by the court. Appellant objected to the court's failure to give this requested instruction.

V.T.C.A. Penal Code, § 46.03 provides various defenses to the offense of carrying a weapon. In addition to the defenses provided in § 46.03, there exist a number of judicially recognized defenses to the offense. E. g. *Waddell v. State*, 37 Tex. 354 (1873) (carrying a pistol home after purchasing it); *Due v. State*, 123 Tex.Cr.R. 73, 57 S.W.2d 849 (1933) (returning a borrowed pistol); *Mangum v. State*, 90 S.W. 31 (Tex. Crim.App. 1905) (carrying a pistol to a repair shop); *Bowles v. State*, 66 Tex.Cr.R. 550, 147 S.W. 869 (1912) (carrying a pistol home from a place of business); *Campbell v. State*, 28 Tex.App. 44, 11 S.W. 832 (1889) (carrying a pistol from a temporary residence to a permanent residence); see generally *Deuschle v. State*, 109 Tex.Cr.R. 355, 4 S.W.2d 559 (1928, Opinion on Motion for Rehearing); McClung, *Jury Charges for Texas Criminal Practice*, p. 146 (rev.ed. 1979).

■ These case law defenses have their roots in the statutory defenses that one may carry a weapon at home, on one's business premises, or while traveling. See *Waddell*, supra. The statutory defenses have remained intact since their passage in the latter part of the 19th Century. See Art. 484, V.A.P.C. (1925); §§ 46.03(2) and (3), supra. As these statutory defenses have been included in the present penal code, this Court has recognized the continuing vitality of the case law defenses. *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr.App. 1978).

One of the case law defenses was established in *Rosebud v. State*, 220 S.W. 1093 (Tex.Cr.App. 1920). In that case the defendant carried his pistol from Alto to Nacogdoches, where he lived. The defendant was taking the pistol home after having lent it to his brother, who lived in Alto. We stated:

> It is the unbroken line of authority in this state that a party has a right to carry his pistol home, to his residence, or place of business under legitimate circumstances. If appellant got the pistol at Alto from his brother, to whom he loaned it, and carried it 30 miles to Nacogdoches, it would not constitute a violation of the law. It is unnecessary to discuss the question as to whether he was a traveler or not. He had a right to take his pistol home, and this would not be violative of the statute.

 Appellant's testimony in this case clearly raised the defense that he was carrying the machete home after having lent it to his father. Appellant was entitled to the submission of this defense. The trial court erred in denying appellant's requested instruction.

The judgment is reversed and the cause remanded.